## In re GELSON.
### No. 28653.

District Court, E. D. New York.
Dec. 4, 1935.

Ruston & Snyder, of Brooklyn, N. Y., for petitioners.

Honour B. Gelson, of Brooklyn, N. Y., in pro. per.

BYERS, District Judge.

This is a motion to vacate an ex-parte stay granted to the bankrupt upon her affidavit, enjoining the prosecution of an action pending in the Supreme Court of New York, at the time of the filing of the petition. Adjudication was had on September 9, 1935, and apparently no application for discharge has been made.

The affidavit supporting the stay recited that the said action "is for the recovery of moneys that were paid to your deponent by insurance companies," i. e., the proceeds of fire insurance policies payable to the bankrupt as mortgagee of premises owned by the plaintiffs in the state court action.

The affidavit continues: "This is not an action for moneys procured through

fraud, embezzlement nor is it a suit commenced against me in a fiduciary capacity for wages and is a debt that can be discharged in bankruptcy."

This motion is based upon an affidavit of an attorney for plaintiffs in that action, which alleges that the cause arises out of the breach of a fiduciary relationship, and a copy of the complaint is attached.

The latter pleading alleges the existence of the relation of attorney and client, between the bankrupt and the plaintiffs, during a period of years; that she acted as such "attorney, counsel and advisor" for them in various matters relating to the conveyance and mortgaging of plaintiffs' real property and collections of the proceeds of certain insurance policies and other collections and handling of plaintiffs' funds; that all such collections were made by the bankrupt as the "attorney and counsel" of said plaintiffs, and that she used and employed "certain of plaintiffs' aforesaid moneys in her own interests and for her own benefit" without "disclosing to plaintiffs in what manner said moneys were being employed"; the amount said to have been received by the bankrupt rightfully belonging to her clients is $5,000.00, for which she has refused to account upon demand.

The relief sought is an accounting and the recovery of the amount found to be due.

The answer of the bankrupt, as defendant in that action, is a general denial.

There is an affidavit by the bankrupt in opposition to this motion, and on the argument she repeated in substance that the action in question is really to recover insurance moneys which were paid to her as mortgagee and not in her capacity as attorney.

■ The pleadings are at variance with the argument, and, for the purposes of this motion, the pleadings must govern. In re Adler (C.C.A.) 152 F. 422, at page 423.

■ An attorney receiving money which is the property of his client, does so in a fiduciary capacity, within the purview of the bankruptcy law. Flanagan v. Pearson, 42 Tex. 1, 19 Am.Rep. 40; Heffren v. Jayne, 39 Ind. 463, 13 Am.Rep. 281. These cases were decided under the Bankruptcy Act of 1867, § 33, 14 Stat. 533, which provided that no debt "created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary capacity, shall be discharged under this act."

The language of subdivision 4 of section 17 of the present law (11 U.S.C.A. § 35 (4), having to do with debts not affected by a discharge, is substantially the same.

Seemingly a like decision was reviewed and affirmed in Re Kane (C.C.A.) 48 F. (2d) 96.

If the plaintiffs prevail in the state court suit, the question as to the effect of the discharge will be determined when the enforcement of the debt is attempted in that court. In re Havens (C.C.A.) 272 F. 975; In re Scheffler (C.C.A.) 68 F.(2d) 902, 903.

All that this court is called upon to determine presently is whether the stay is appropriate under section 11 of the Bankruptcy Act (11 U.S.C.A. § 29), in view of the provisions of section 17 (11 U.S.C.A. § 35) touching debts not affected by discharge.

■ Under the circumstances, it is thought that a considered exercise of discretion requires that the stay be vacated. Accordingly the motion is granted.