[No. 32546. Department Two. July 17, 1953.]

R. C. LLOYD, *Relator,* v. THE SUPERIOR COURT FOR WALLA WALLA COUNTY, *Albert N. Bradford, Judge, Respondent.*[1]

*Minnick & Hahner,* for relator.

*Cameron Sherwood* and *Robert A. Comfort,* for respondent.

PER CURIAM.—This case is before the court upon an alternative writ of certiorari and the return thereto. The question presented is whether the trial court abused its discretion in entering an order staying the trial of a pending case until there had been a determination in this court of an appeal taken in another action arising out of an automobile accident in which several persons and motor vehicles were involved.

Three damage actions were brought in the superior.court for Walla Walla county arising out of a series of collisions when the respective parties drove their motor vehicles into a cloud of dust. The court denied an application to consolidate the actions for the purpose of trial. We affirmed the order of the court in *State ex rel. Sperry v. Superior Court,* 41 Wn. (2d) 670, 251 P. (2d) 164. One of the actions was

[1]Reported in 259 P. (2d) 369.

tried and is now pending in this court on appeal. The relator is not a party to that action, but the defendant named in this proceeding is a party thereto.

We have considered the grounds and reasons upon which the respondent based his order staying the trial of the case in which relator is plaintiff pending the appeal from the judgment entered in the other case. Each case involving the discretion of the court in situations comparable to the one before us is so dependent upon the facts and circumstances peculiar to it that a recital thereof or a review of such grounds or cases cited would serve no useful purpose.

A court has the power to stay the trial of an action pending an appeal from a judgment in another action. The granting of a motion to stay the trial of such action is within the discretion of the court, and its ruling will not be disturbed by an appellate court unless it appears that such discretion has been abused as that term is understood in legal parlance.

We are always exceedingly hesitant to conclude that a trial court has abused its discretion because of its superior knowledge of the subject it has considered, but we have reviewed all that has been presented to us and are of the opinion that by its order the court has denied to relator the right to as early a trial of his action as the due administration of the business of the court reasonably will permit. We do not regard the grounds and reasons given by respondent sufficient to warrant the stay order made.

The order granting the stay of the trial of relator's action pending appeal of the other action is reversed.