[No. 33548.   Department Two.   February 9, 1956.]

SAMUEL S. BINNIAN, as *Receiver, Plaintiff and Relator, v.*
JAMES C. BOOKEY, SR., *et al., Defendants,* THE SUPERIOR
COURT FOR KING COUNTY, *Henry W. Cramer, Judge,*
*Respondent.*[1]

*Frederick Paul,* for relator.

*Guy E. Dunning* and *William A. Bowles,* for respondent.

HILL, J.—We are here concerned with the issue of whether the superior court for King county should have stayed proceedings in an action pending in that court.

[1]Reported in 294 P. (2d) 410.

The action in which proceedings are stayed is by the receiver of Jet Truck Lines, Inc., a Washington corporation, to recover from officers and directors of that corporation, income due the corporation and property belonging to the corporation which it is alleged they have fraudulently and dishonestly converted to their own use in violation of their duties as fiduciaries. An accounting is asked.

Four defendants (omitting wives) are named: James C. Bookey, Sr., James C. Bookey, Jr., Sam H. Plumer, and P. A. Arnold. Only James C. Bookey, Jr., and Sam H. Plumer were served, and they and their wives are the only defendants who have appeared.

They join in an answer denying all the allegations of the complaint except that at one time they were officers of the corporation, and they set up two affirmative defenses: (1) that James C. Bookey, Jr., was adjudged bankrupt June 21, 1954, in cause No. 40548 in the United States district court, western district of Washington, northern division, and that the plaintiff had knowledge thereof; (2) that during the year 1953 and the first two months of 1954, James C. Bookey, Jr., and his wife paid certain pressing bills of the corporation in the amount of approximately forty thousand dollars, and that the corporation is indebted to them in that amount.

Thereafter, a motion was made on behalf of the answering defendants for a stay of proceedings. The only reason stated in the motion was that

". . . during the months of May and June, 1954, in the United States District Court for the Western District of Washington, Northern Division (Bankruptcy File No. 40548), said defendants James C. Bookey Sr. and Jane Doe Bookey, his wife, and James C. Bookey Jr. and Jane Doe Bookey, his wife, were adjudged bankrupts, and that the said proceedings in bankruptcy have not as yet been terminated, and that plaintiff has filed a claim in said bankruptcy proceeding for the amount for which he is suing in this action."

The stay, as ordered by the superior court, is "until the issue of adjudication of the bankrupts is determined in the proceedings in the bankruptcy court, in Bankruptcy File No. 40548."

■ The stay is brought here for review by the plaintiff on a writ of certiorari, which is an appropriate method for review of an order of the superior court staying proceedings in an action pending in that court. *Lloyd v. Superior Court* (1953), 42 Wn. (2d) 908, 259 P. (2d) 369; *State ex rel. Grove v. Card* (1949), 35 Wn. (2d) 215, 211 P. (2d) 1005.

"A suit which is founded upon a claim from which a discharge [in bankruptcy] would be a release, and which is pending against a person at the time of filing of a petition by or against him, shall be stayed until an adjudication or the dismissal of the petition; if such person is adjudged bankrupt, such action may be further stayed until the question of his discharge is determined by the court after a hearing, or . . ." 11 U. S. C. (1952 ed.) § 29 (a).

It is also provided by that act (§ 17) that debts which

". . . were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity . . ." (11 U. S. C. (1952 ed.) § 35 (a) (4))

are not released by a discharge in bankruptcy.

■ It appears from the foregoing that a defendant in a state court action who has a petition in bankruptcy filed by or against him has, under certain circumstances, an absolute right to a stay of proceedings against him prior to the adjudication of bankruptcy, and a discretionary right to a further stay until the question of his discharge in bankruptcy is determined. *Smith v. Phlegar* (1951), 73 Ariz. 11, 236 P. (2d) 749.

The superior court in this case made the stay effective until the issue of adjudication is determined. However, the stay is authorized only if the claim is one "from which a discharge would be a release," as stated in the quoted statute.

■ Where a state court action has not been tried, the character of the claim is determined from the plaintiff's pleading. *In re Alvino* (1940), 111 F. (2d) 642; *In re Adler* (1907), 152 Fed. 422.

■ The receiver's complaint in the present action alleges that the defendants, as officers and trustees of the corpora-

tion, fraudulently and dishonestly converted the income and property of the corporation to their own uses and violated their duties as fiduciaries. From such a claim, a discharge in bankruptcy is not a release. 11 U. S. C. (1952 ed.) § 35 (a) (4); *In re Alvino, supra; In re Gelson* (1935), 12 F. Supp. 924; *Family Small Loan Co. v. Mason* (1933), 67 F. (2d) 207; *In re Bloemecke* (1920), 265 Fed. 343; *In re Gulick* (1911), 186 Fed. 350.

The superior court erred in granting the stay, and its order is reversed, with instruction to deny a stay.

HAMLEY, C. J., MALLERY, WEAVER, and ROSELLINI, JJ., concur.