In re Eula BURSH, Debtor.

Sue Ellen WILSON, a widow, Plaintiff,

v.

Eula BURSH, Defendant.

Bankruptcy No. B–79–2485–PHX–RGM.
Adv. No. 80–734–RGM.

United States Bankruptcy Court,
D. Arizona.

Oct. 9, 1981.

Georgia A. Wilder, Phoenix, Ariz., for plaintiff.

Alena Cantor, Phoenix, Ariz., for defendant.

## OPINION AND ORDER

ROBERT G. MOOREMAN, Bankruptcy Judge.

This matter is before the court upon the Motion for Summary Judgment of plaintiff Sue Ellen Wilson seeking a determination that the debt owed to her by defendant Eula Bursh be held nondischargeable pursuant to 11 U.S.C. § 523(a)(4). The defendant/debtor Eula Bursh opposes the plaintiff's Motion for Summary Judgment, and moves for summary judgment in her favor. These matters were argued to the court on July 27, July 30 and August 26, 1981.

The undisputed facts pertinent to this decision are as follows:

Defendant's husband, an attorney, was retained by the plaintiff to assist her in a personal injury claim. A settlement was received wherein the plaintiff would receive $32,000 for her injuries. After the husband's lawyer's fee was satisfied, the balance of the fund was put in a trust account on plaintiff's behalf. It was from this account that the husband converted $5,264.83 of the trust funds.

In an effort to recover her money, the plaintiff brought suit in state Superior Court against Mr. and Mrs. Bursh jointly and by default judgment on September 23, 1975, Sue Ellen Wilson was awarded $5,264.83 in compensatory damages, $7,500 in punitive damages and $750 in attorney's fees. The state court default judgment specifically provided that both the compensatory and punitive damages were to be collectible from both defendants and their community estate, as well as from the husband's separate property.

The debtor, Eula Bursh, filed a voluntary petition under 11 U.S.C. Chapter 7 on July 12, 1980 and, thereafter on December 22, 1980, an adversary complaint was filed by the plaintiff seeking a determination that the debt evidenced by the state court default judgment was nondischargeable under

11 U.S.C. § 523(a)(4). The plaintiff's adversary complaint was followed by a Motion for Summary Judgment in which she alleged that a state court default judgment was conclusive evidence that the debt at issue was nondischargeable.

Defendant, Eula Bursh, cross-motioned for summary judgment asserting that it was her husband and not she that breached the fiduciary duty to plaintiff, rendering the debt at issue dischargeable under section 523(a)(4). In the plaintiff's answer to the defendant's motion for summary judgment, it is contended that it is the nature of the debt and not the debtor that is controlling under section 523(a)(4). Plaintiff nowhere in the pleadings has contended that Eula Bursh participated in or had knowledge of the fraud and at the oral argument on August 26, 1981, the court was advised that the plaintiff has no evidence thereof.

The pertinent provision of the Bankruptcy Code, 11 U.S.C. § 523(a)(4) reads as follows:

Exceptions to discharge

(a) A Discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt....

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

The court is presented with two major issues. First, whether a bankruptcy court should give collateral estoppel or apply the doctrine of res judicata to a state court default judgment on the issue of dischargeability of a debt. Second, whether a husband's intent to wrongfully convert a client's money should be imputed to the bankrupt wife rendering her debt nondischargeable.

## COLLATERAL ESTOPPEL/RES JUDICATA

The United States Supreme Court in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), settled the broad issue of whether a bankruptcy court was precluded by res judicata from litigating claims that were the basis of a state court default judgment. The court, however, did not decide the narrower issue of whether a bankruptcy court adjudicating the dischargeability of a debt should apply the doctrine of collateral estoppel to a prior state court default judgment. However, the issue of collateral estoppel has been litigated by lower courts. *In re Day*, 4 B.R. 750 (W.D.Ohio 1980); *In re Whitmore*, 7 B.R. 835 (Bkrtcy.N.D.Ga.1980).

The United States Supreme Court in *Brown v. Felsen, supra,* held that the bankruptcy court was not confined to a review of the state court judgment and record when determining the dischargeability of the debt. The court reasoned that the 1970 amendments to section 17 of the Bankruptcy Act (currently section 523 of the Bankruptcy Code) committed the issues of dischargeability exclusively to the jurisdiction of the bankruptcy court, and as dischargeability was a federal question, considerations material to discharge were irrelevant to the state court collection proceeding. 442 U.S. at 135, 99 S.Ct. at 2211.

In the later case of *In re Day, supra,* the court faced the unanswered question concerning collateral estoppel. There, as in the instant case, a creditor asserted that collateral estoppel prevented the bankruptcy court from relitigating questions made final by the state court default judgment. The court, noting the Supreme Court's holding in *Brown v. Felsen, supra,* said:

The opinion of this court is that the 1970 amendments to the Bankruptcy court foreclosed the collateral estoppel effect of state court judgments on bankruptcy courts. There is no reason to treat the doctrine of collateral estoppel different from the doctrine of res judicata in the bankruptcy dischargeability contest. 4 B.R. at 754.

Of principal interest to this instant decision is footnote 4 where the court discusses the consequences of a default judgment:

4. Even if state court judgments were given collateral estoppel effect in bankruptcy courts, the common pleas court judgment at issue in this case would not be deserving of such effect. The rule of collateral estoppel is that where an issue

of fact or law necessary to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties. *Restatement (Second) of Judgments* § 68 (Tent. Draft No. 1, 1973); 1B *Moore's Federal Practice* ¶ 0.443[2] (1979). The judgment in this case was a default judgment and the general rule is that issues decided by default judgment are not "actually litigated" and therefore are not conclusively determined. F. James, Jr. & G. Hazard, Jr., *Civil Procedure* § 11.17 (2d Ed. 1977); 1B Moore's *Federal Practice* ¶ 0.444[2]; *Restatement (Second) of Judgments* § 68 comment e, p. 153 (Tent. Draft No. 1, 1973); Note, "Developments in the Law—Res Judicata," 65 Harv.L. Rev. 818, 840 (1952); 4 B.R. at 755.

In the recent case of *In re Kratzer*, 9 B.R. 235 (Bkrtcy.W.D.Mo.1981) the plaintiff creditor predicated his claim for punitive damages upon having obtained a state court judgment by default. The bankruptcy court summarily rejected the plaintiff's argument that it was bound to the state court determination, stating:

> Under the rule of *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.[2d] 767 (1979), the court of bankruptcy, in making its nondischargeability determinations, is not bound by prior state court judgments or determinations, particularly when, as was the case here, the state court judgment was taken by default. 9 B.R. at 240.

■ This court joins in the decisions with those cases holding that a bankruptcy court is not collaterally estopped from relitigating issues affecting dischargeability which were determined in a state court, particularly when such issues were not litigated, as in the case of a default judgment. This court therefore holds that it is not bound under the principles of res judicata or collateral estoppel in this instant matter from determining the dischargeability of Eula Bursh's debt, resulting from her husband's alleged fraud, owed to the plaintiff Sue Wilson.

*IMPUTATION OF FRAUD*

Concerning the second issue in this case, that is, whether the husband's intent to wrongfully convert his client's money can be imputed to his debtor wife rendering the debt dischargeable, the court holds that there should be no imputation of fraud under the facts of the case.

Plaintiff contends that under Arizona community property law, the marital community is liable for the tort of the husband and any punitive damages whether or not the wife consented to or had knowledge of the tort. As a consequence of the husband's actions, the plaintiff argues that the husband's fraudulent act benefited the community and resulted in a community debt, and that this debt, pursuant to 11 U.S.C. § 523(a)(4), is nondischargeable.

■ Plaintiff's reliance on Arizona community property law is misplaced. Issues of dischargeability are within the exclusive jurisdiction of the bankruptcy court where federal, not state law, is controlling. The Supreme Court in *Brown v. Felsen, supra,* stated:

> By the express terms of the Constitution, bankruptcy law is federal law, U.S.Const., Art. 1, § 8, cl. 4, and the Senate report accompanying the amendment described the bankruptcy court's jurisdiction over these § 17 (now § 523) claims as exclusive: S.Rep. No. 91–1173, pg. 2 (1970). See 442 U.S. at 135, 99 S.Ct. at 2211.

■ Under the Bankruptcy Code, section 523(a)(4), the burden is on the plaintiff to prove that defendant's debt is a product of actual fraud by the debtor and not fraud implied by law. 3 *Collier on Bankruptcy*, 15th Ed. ¶ 523.14(1)(a).

*Colliers* defines actual fraud as:

> Actual fraud, by definition, consists of any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another—something said, done or omitted with the design of perpetrating what is known to be a cheat or deception. ¶ 523.08(5).

■ The plaintiff correctly argues that an attorney who receives money which is the property of his client acts in a fiduciary capacity within the purview of section 523(a)(4). *In re Gelson*, 12 F.Supp. 924 (D.C., N.Y.1935). However, while admitting her husband's actions, defendant denies committing any of the acts enumerated in section 523(a)(4) and there appears to be no evidence thereof.

Plaintiff's assertion that the marital community benefited from defendant's husband's acts and therefore that the defendant should be barred from discharging the resulting debt amounts to fraud implied by law and it is the opinion of the court that such a result is not within the purview or contemplation of section 523(a). This court will not impute the fraud of the husband to the bankrupt wife on the sole argument that the state's community property law permits the assessment of punitive damages against the community property if the tort of the husband is committed in the interest of the community.

In granting a motion for summary judgment, a court must determine that there are no genuine issues of material fact, or where viewing the evidence in the light most favorable to the adverse party, the moving party is entitled to prevail as a matter of law. *Stansifer v. Chrysler Motors Corp.*, 487 F.2d 59 (9th Cir. 1973). Pursuant to Rule 56 of the Federal Rules of Civil Procedure made applicable to the bankruptcy courts by Rule 756 of the Bankruptcy Rules, plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted, and for the reasons stated herein, this court holds that the debt owing the plaintiff is dischargeable.

Pursuant to FRCP 52, this opinion and order shall constitute Findings of Fact and Conclusions of Law herein.