**In re Marie SCHMID, Debtor.**

**Gerald BILLEBAULT and Rachel Billebault, Plaintiffs,**

**v.**

**Marie SCHMID, Defendant.**

Bankruptcy No. 84–04128G.
Adv. No. 85–0883G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 31, 1985.

Michael L. Bach, Hangley, Connolly, Epstein, Chicco, Foxman & Ewing, Philadelphia, Pa., for plaintiffs, Gerard Billebault and Rachel Billebault.

Alexander Hemphill, Philadelphia, Pa., for defendant, Marie Schmid.

Michael A. Cibik, Philadelphia, Pa., Trustee.

OPINION

EMIL F. GOLDHABER, Chief Judge:

This appears to be an issue of first impression in this district.

The point for consideration is whether the litigants in a complaint to determine the dischargeability of a debt are entitled to a jury trial under the 1978 Bankruptcy Code and the Bankruptcy Amendments and Federal Judgeship Act of 1984. Since counsel for the debtor has not raised this issue, we raise it *sua sponte*. On the basis of the reasons set forth below, we conclude that there is no right to a jury trial.

The facts may be simply stated as follows:[1] The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code and, in that proceeding, two creditors filed a complaint seeking an exception to the debtor's discharge. On the facts of their complaint the plaintiffs request a jury trial.

A resolution of the issue in discussion seems best served by a historical review of the Bankruptcy Act of 1898 ("the Act") and the 1978 Bankruptcy Code ("the Code"). When the Act was passed in 1898 the bankruptcy court granted a debtor a discharge of debts in the absence of certain forms of prohibited conduct. § 14 of the Act, 11 U.S.C. § 32 (1976) (repealed). The Act specified which debts were discharged on the entry of an order of discharge. § 17 of the Act, 11 U.S.C. § 35 (1976) (repealed). Nonetheless, the bankruptcy court generally could not determine whether a particular debt was within the scope of a discharge. *Local Loan Co. v. Hunt*, 292 U.S. 234, 241, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934). If not amicably resolved, the question of the dischargeability of a particular debt was typically decided in a law suit initiated in a nonbankruptcy forum by the creditor to

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

collect on the debt. The debtor was then required to plead the discharge as an affirmative defense.

Under the Act, the Supreme Court held in 1934 that, "under unusual circumstances" a bankruptcy court could exercise its jurisdiction to determine the dischargeability of a debt. *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230. In that case, after the debtor received a discharge of debts in bankruptcy, a creditor initiated suit in state court to collect a prepetition debt. The debtor then instituted an action in the court which had administered the bankruptcy proceeding, praying that the creditor be enjoined from prosecuting the state court suit and from any other action to collect on the debt. The Supreme Court affirmed the bankruptcy court's holding that the debt in question was dischargeable and stated the following:

The pleading by which [the plaintiff] invoked the jurisdiction of the bankruptcy court in the present case is in substance and effect a supplemental and ancillary *bill in equity,* in aid of and to effectuate the adjudication and order made by the same court. That a federal court of *equity* has jurisdiction of a bill ancillary to an original case or proceeding in the same court, whether at law or in equity, to secure or preserve the fruits and advantages of a judgment or decree rendered therein, is well settled.

\* \* \* \* \* \*

But otherwise, [c]ourts of bankruptcy are essentially *courts of equity,* and their proceedings inherently proceedings in *equity.* And, generally, proceedings in bankruptcy are in the nature of proceedings in rem, adjudications of bankruptcy and orders of discharge being, as this court clearly has treated them, in every essential particular decrees in *equity* determining a *status.*

What has now been said establishes the authority of the bankruptcy court to entertain the present proceeding, determine the effect of the adjudication and order, and enjoin petitioner from its threatened interference therewith. It

does not follow, however, that the court was bound to exercise its authority. And it probably would not and should not have done so except under unusual circumstances such as here exist.

292 U.S. at 239, 240, 241, 54 S.Ct. at 697, 698 (emphasis added) (citations omitted). As is obvious from the quote, the Supreme Court held that an action to determine the dischargeability of a debt is an equitable proceeding.

The Supreme Court later stated that bankruptcy is essentially an equitable proceeding and that all aspects of that proceeding which cannot be conducted in the absence of an action for bankruptcy are of an equitable nature. *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). Under the common law equitable proceedings in bankruptcy and other equitable actions are not tried by a jury. *Katchen,* 382 U.S. at 336–40, 86 S.Ct. at 476–78. Reading *Local Loan Co. v. Hunt* and *Katchen* in harmony, we conclude that under the Act, in the absence of a contravening statutory provision, litigants in a suit in bankruptcy to determinate the dischargeability of a debt were not entitled to a jury trial.

In 1970 Congress amended the discharge provisions of the 1898 Act. Pub.L.No. 91–467, §§ 5–7, 84 Stat. 992 (1970), incorporated in the Act at § 17, 11 U.S.C. § 35 (1976) (repealed). Under that amendment creditors wishing a determination of the nondischargeability of certain types of debts were required to commence an action in the bankruptcy court prior to a bar date fixed by the court or have the debt discharged. The legislative history illuminates the purpose of the amendment:

As stated in the report on this measure by the Senate Judiciary Committee, the major purpose of the proposed legislation is to effectuate, more fully, the discharge in bankruptcy by rendering it less subject to abuse by harassing creditors. Under present law creditors are permitted to bring suit in State courts after a discharge in bankruptcy has been granted and many do so in the hope the debtor

will not appear in that action, relying to his detriment upon the discharge. Often the debtor in fact does not appear because of such misplaced reliance, or an inability to retain an attorney due to lack of funds, or because he was not properly served. As a result a default judgment is taken against him and his wages or property may again be subjected to garnishment or levy. All this results because the discharge is an affirmative defense which, if not pleaded, is waived.

[The proposed statute] is meant to correct this abuse. Under it, the matter of dischargeability of the type of debts commonly giving rise to the problem; that is, those allegedly incurred as a result of loans based upon false financial statements, will be within the exclusive jurisdiction of the bankruptcy court.

\* \* \* \* \* \*

When timely filed, the matter will be heard in the bankruptcy court and final disposition made of it. The right to trial by jury as it presently exists is retained and the creditor's application does not subject him to the jurisdiction of the bankruptcy court for any other purpose.

\* \* \* \* \* \*

It should be emphasized that the power to determine dischargeability of a particular claim upon the application of the bankrupt in the exceptional case presently resides in the bankruptcy court by virtue of the decision of the Supreme Court in *Local Loan v. Hunt*, 292 U.S. 234 [54 S.Ct. 695, 78 L.Ed. 1230] (1934). That power, however, under the guidelines laid down by the Supreme Court in the *Local Loan* case should not be exercised unless exceptional circumstances exist. Consequently this bill will not effect any startling changes in the law. It will permit the bankruptcy court to do as a matter of course what it would otherwise do only where exceptional circumstances exist.

H.R.Rep. No. 91–1502, 91st Cong, (1970) *reprinted in* 1970 U.S.Code Cong. & Admin.News 4156 at 4156, 4157 and 4163. As stated above, the highlighted language in-

dicates that the "right to trial by jury as it presently exists is retained...." This language is reflected in the 1970 amendment:

(5) Nothing in this subdivision shall be deemed to affect the right of any party, upon timely demand, to trial by jury where such right exists.

Pub.L.No. 91–467, § 7, 84 Stat. 990 at 993 (1970), § 17c(5) of the Act, 11 U.S.C. 35(c)(5) (1976) (repealed). The meaning of this provision is far from clear to us. We reviewed above the Supreme Court's authority for our conclusion that prior to 1970 there was no right to a jury trial when the issue of dischargeability was decided in the bankruptcy court since the matter was an equitable proceeding. Under this provision the United States Court of Appeals for the Seventh Circuit has held that § 17c(5) of the Act effected no change in the law since there was no preexisting right to a jury trial which could be preserved. *In Re Swope*, 466 F.2d 936 (7th Cir.1972), *cert. den.*, 409 U.S. 1114, 93 S.Ct. 929, 34 L.Ed.2d 697 (1973). The Fifth Circuit, adopting what we believe is a specious distinction, held that:

[The debtor] had no right to a jury trial on the dischargeability issue. *In Re Swope*, 466 F.2d 939, 938 (CA7, 1972), cert. den., 409 U.S. 1114 [93 S.Ct. 929, 34 L.Ed.2d 697] (1973). However, once the bankruptcy court determines that the debt was not dischargeable, [the debtor] was entitled to a jury trial on the issues of liability and amount.

*Merrill v. Walter E. Heller & Co. of Ala.*, 594 F.2d 1064, 1068 (5th Cir.1979). We must rhetorically ask how, or why, could the bankruptcy court determine that a debt was dischargeable if it could not also establish liability? The issues of dischargeability and liability, as well as the amount of the debt, are so inexplicably intertwined that we conclude that Congress could not have intended such a result in the 1970 amendment. As stated in *Katchen, legal* matters on which one is entitled to a jury trial in the absence of bankruptcy are, on the commencement of bankruptcy, often

transformed into *equitable* claims to which no right of jury trial remains. *Katchen,* 382 U.S. at 336, 86 S.Ct. at 476. Such is the case under the Act as well as under the 1970 amendments to it. Although our conclusion renders § 17c(5) of the Act a nullity, logic and Supreme Court precedent afford us no latitude. We do not profess to understand the intentions of Congress, but it is plausible that § 17c(5) was added to serve a politically palatable bill to halt resistance by trial lawyers who were nonetheless ignorant of *Local Loan Co. v. Hunt* and *Katchen,* while leaving to the courts the duty of explaining with relative impunity the meaning of the Supreme Court's precedent in bankruptcy.

In 1978 Congress passed the Bankruptcy Code and thereby 11 U.S.C. § 523 superseded § 17 of the Act. In neither § 523 nor the legislative history have we uncovered any mention of a right to a jury trial on the question of the dischargeability of debts. Any notion that Congress intended to afford a right to a jury trial in the 1970 amendment through § 17(c)(5) was nullified by the absence of a correlative provision in the analogous Code section on dischargeability.

Furthermore, the fact that Congress denoted questions of dischargeability as core proceedings, thus allowing bankruptcy judges to enter final decisions on those matters, militates against the right of a jury trial. The class of matters known as core proceedings under the Code is analogous to matters within the bankruptcy court's "summary jurisdiction." Excluding the right to a jury trial on the issue of granting relief on an involuntary petition, no right of jury trial attached to summary matters. *Katchen.* Thus, as a core proceeding under the Code, no right to a jury trial attaches to questions of dischargeability. *Thorp Credit Inc. of Maryland v. Lee* (In Re Lee), 50 B.R. 683 (Bankr.D.Mary. 1985).

We will accordingly enter an order denying the plaintiff's request for a jury trial.