**In re Lamont Lindell PERRY, M.D., Debtor.**

**Sandra Betts NICKENS, and Cora M. Moore, Co–Administrators of the Estate of Virginia Morton, Plaintiffs,**

**v.**

**Lamont Lindell PERRY, M.D., Defendant.**

**Bankruptcy No. LA 89–15306–VZ. Adv. No. 89–2023–VZ.**

United States Bankruptcy Court, C.D. California.

March 1, 1990.

Robert G. Uriarte, Martha L. Melendez, Los Angeles, Cal., for plaintiffs.

Ken Doberteen, Doberteen & Luna, Los Angeles, Cal., for debtor and defendant.

VINCENT P. ZURZOLO, Bankruptcy Judge.

### I. FACTS

On July 13, 1989, Lamont Lindell Perry, M.D. ("Debtor") filed his petition under Chapter 7. On October 13, 1989 Sandra Betts Nickens and Cora M. Moore, Co–Administrators of the Estate of Virginia Morton ("Plaintiffs"), filed a complaint against Debtor to determine the dischargeability of a debt under section 523(a)(6). Plaintiffs are the administrators of the estate of the deceased Virginia Morton. Plaintiffs have also filed a proof of claim against Debtor's bankruptcy estate. In the complaint, the following facts are alleged.

Virginia Morton was a patient of Debtor. She was treated by Debtor from March 1985 through October 1986 after she was diagnosed as having gouty arthritis. Debtor prescribed various medications without performing appropriate medical tests. In spite of complaints of adverse reactions to

the medications, Debtor did not discontinue the prescriptions.

Debtor admitted Ms. Morton to the hospital in September of 1986. Debtor indicated that Ms. Morton did not have any known allergies and continued the previously prescribed medications. While in the hospital, Ms. Morton suffered from bleeding sores and eighty percent of her body was eventually without skin. On October 17, 1986 Ms. Morton died.

Plaintiffs allege that Debtor misdiagnosed, mistreated, and prescribed the wrong medication for the deceased. Plaintiffs further allege that these actions were intentional, willful, malicious, and/or reckless, and proximately caused the death of Ms. Morton.

In this complaint, Plaintiffs pray only for a determination that their claim is not dischargeable pursuant to 11 U.S.C. § 523(a)(6). Plaintiffs do not seek liquidation of their claims against Debtor in the complaint. Plaintiffs also demand that their claim for relief under § 523(a)(6) be tried by a jury. This jury trial demand is opposed by Debtor and is the reason for this opinion.

## II. DISCUSSION

### A. *Introduction*

■ The principal thrust of litigation under section 523 is to obtain a judgment from the bankruptcy court determining that the claim of the creditor is not discharged under 11 U.S.C. § 727(a). Such requests must be made in an adversary proceeding. Bankruptcy Rule 7001. Such proceedings are core. 28 U.S.C. § 157(b)(2)(I). Nondischargeability adversary proceedings arise under Title 11 and therefore are within the original jurisdiction of the federal court presiding over the bankruptcy case. 28 U.S.C. § 1334(b); *National City Bank v. Coopers & Lybrand Co.*, 802 F.2d 990, 993 (8th Cir.1986). As the determination of dischargeability is a matter of federal bankruptcy law, it is within the exclusive jurisdiction of the bankruptcy or district court. *Brown v. Felsen*, 442 U.S. 127, 135, 99 S.Ct. 2205,

2211, 60 L.Ed.2d 767 (1979); *In re Bursh*, 14 B.R. 702, 704 (Bankr.D.Az.1981).

■ Plaintiffs argue that the complaint is a claim for relief in the meaning of 28 U.S.C. § 157(b)(2)(B). 28 U.S.C. § 157(b)(2)(B) provides in pertinent part:

Core proceedings include, but are not limited to—allowance or disallowance of claims against the estate ... and estimation of claims or interest for the purposes of confirming a plan under Chapters 11, 12, or 13 of Title 11 *but not the liquidation or estimation of contingent or unliquidated personal injury, tort, or wrongful death claims against the estate for purposes of distribution in a case under Title 11.* (Emphasis added.)

Plaintiffs fail to distinguish between a claim for relief for liquidation and allowance of a claim against the bankruptcy estate and a claim for relief seeking determination of nondischargeability under section 523.

This distinction is made plain in 28 U.S.C. § 157(b)(2), the statute that lists which proceedings are core and are central to the bankruptcy court's exercise of jurisdiction. Therein, Congress has treated as separate and distinct the determination of nondischargeability and the allowance and disallowance of claims asserted against the bankruptcy estate. As discussed in Section II, C, 1 below, if plaintiffs had asserted a claim for relief for allowance of their claims against the bankruptcy estate, they may very well have been entitled to a jury trial on issues of fact arising in that claim for relief. The only claim for relief before me, as Plaintiffs themselves have admitted in their complaint and by the representations of counsel in open court, is one under section 523(a)(6) for determination of dischargeability.

If Plaintiffs had alleged a claim for relief in this adversary proceeding for *liquidation and allowance against the bankruptcy estate* of their wrongful death and personal injury claims, that claim for relief would not be core and would need to be tried by the district court. 28 U.S.C. § 157(b)(5). If and when Plaintiffs' filed proof of claim is objected to, then the con-

tested matter created by that objection would not be a core proceeding and would need be tried by the district court. *Id.* That claim for relief, however, is separate and distinct from the only claim for relief pleaded in Plaintiff's complaint—a claim for relief for determination of dischargeability under 11 U.S.C. § 523(a)(6).

B. *Sources of Law for Right to Jury Trial*

The right to a jury trial in a federal action is derived from one of two sources: statute or the seventh amendment of the United States Constitution. *See, Granfinanciera, S.A. v. Nordberg,* — U.S. —, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989).

The seventh amendment provides: "[I]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." The Supreme Court has interpreted the phrase "suits at common law" to refer to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg,* 109 S.Ct. at 2790 (1989), (quoting *Parsons v. Bedford,* 3 Pet. 433, 447, 7 L.Ed. 732 (1830).

The test adopted by the Court for determining the right to a jury trial is: "[F]irst, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* (quoting *Tull v. United States,* 481 U.S. 412, 417–418, 107 S.Ct. 1831, 1835–1836, 95 L.Ed.2d 365 (1987). The second stage of this analysis is more important than the first. *Id.* at 421, 107 S.Ct. at 1837.[1]

C. *Right to Jury Trial in Nondischargeability Claims for Relief*

A legion of courts summarily conclude that a party is not entitled to a jury trial in core proceedings. These cases essentially rely on *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), for the proposition that all core proceedings are analogous to the summary jurisdiction of the Bankruptcy Court under the Bankruptcy Act of 1898 ("the Act"), and hence, no right to a jury trial exists in a core proceeding. *See Nordberg v. Granfinanciera, S.A.,* 835 F.2d 1341 (11th Cir. 1988), rev'd — U.S. —, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989); *In re Harbour,* 840 F.2d 1165 (4th Cir.1988); *In re Visidata,* 84 B.R. 673 (Bankr.N.D.Cal. 1988); *see also Barton v. Barbour,* 104 U.S. 126, 26 L.Ed. 672 (1881) (all proceedings in the bankruptcy courts are inherently equitable and, therefore, no right to a trial by jury exists in that court, whatever the claim for relief pleaded in the complaint).

Other courts do not accept that a party has no right to a jury trial simply because the claim for relief is asserted in a core proceeding. *In re Hinkley,* 58 B.R. 339 (Bankr.S.D.Tex.1986); *Hauytin v. Grynberg,* 52 B.R. 657, 660 (Bankr.D.Colo.1985); *In re Country Junction, Inc.,* 41 B.R. 425, 431 (Bankr.W.D.Tex.1984), *aff'd,* 798 F.2d 1410 (5th Cir.1986). These courts instead decide whether a litigant is entitled to a jury trial based on the nature of the claim for relief, i.e., is the cause of action one of law or equity. The Ninth Circuit has expressly adopted the latter approach. *American Universal Ins. Co. v. Pugh,* 821 F.2d 1352, 1355 (9th Cir.1987).

Recently the Supreme Court has made it clear that a determination that an adversary proceeding is core does not in and of itself answer the question as to whether a

---

1. The Court has also created an exception to the jury trial right in the arena of "public rights." The public rights doctrine permits Congress to deprive parties of their seventh amendment jury trial right if the cause of action involves public rights. *See Granfinanciera, S.A. v. Nordberg,* — U.S. —, 109 S.Ct. 2782, 2795–2797, 106 L.Ed.2d 26 (1989). It is unclear whether the

mere "restructuring of debtor-creditor relations is in fact a public right. This thesis has met with substantial scholarly criticism." *Id.* 109 S.Ct. at 2797 n. 11. (citations omitted). I need not decide whether the instant cause of action involves a public right because I have decided, on independent grounds, that there is no right to jury trial on the claim of dischargeability.

right to a jury trial exists in that proceeding. *Granfinanciera, S.A. v. Nordberg,* — U.S. ——, 109 S.Ct. 2782, 2787, 106 L.Ed.2d 26 (1989). Rather, I must employ the analysis adopted by the Court in *Granfinanceria* and determine whether a party asserting a claim for relief under section 523 has a right to jury trial by statutory grant or under the seventh amendment.

### 1. STATUTORY BASIS

■ Section 17(c)(5) of the 1970 Amendments to the Bankruptcy Act of 1898, the predecessor to 11 U.S.C. § 523, provided for the right to jury trial in dischargeability actions where such right existed.[2] Whether this afforded parties a right to jury trial on the issue of nondischargeability was the subject of fervent intellectual debate.[3] However, the current statutory scheme poses no such dilemma. As noted by the court in *In re Schmid,* 54 B.R. 520, 523 (Bankr.E.D.Pa.1985),

"[I]n 1978 Congress passed the Bankruptcy Code and thereby 11 U.S.C. § 523 superseded § 17 of the Act. In neither § 523 nor the legislative history have we uncovered any mention of a right to a jury trial on the question of the dischargeability of the debts. *Any notion that Congress intended to afford a right to jury trial in the 1970 amendment through § 17(c)(5) was nullified by the absence of a correlative provision in the analogous Code section on dischargeability.*" (Emphasis added).

It might be asserted that 28 U.S.C. § 1411(a) supports Plaintiffs' demand for a jury trial in this section 523 adversary proceeding. That statute provides:

[T]his chapter and title 11 do not affect any right to trial by jury an individual has under applicable non-bankruptcy law

with regard to a personal injury or wrongful death tort claim.

Under applicable non-bankruptcy law Plaintiffs would have a right to a jury trial in a civil action in which they were attempting to liquidate their claim against Debtor. However, Plaintiffs' complaint and the statements of Plaintiffs' counsel in open court make clear that Plaintiffs do not seek to liquidate their claim in this adversary proceeding. Rather, the only relief they seek is a determination of nondischargeability.

Finally, it is obvious from the plain language of 28 U.S.C. § 1411(a) that "applicable non-bankruptcy law" has absolutely nothing to say about a party's right to a jury trial in a claim for relief that arises solely under bankruptcy law, i.e., a nondischargeability claim under 11 U.S.C. § 523(a). *Brown v. Felsen,* 442 U.S. 127, 135, 99 S.Ct. 2205, 2211, 60 L.Ed.2d 767 (1979); *In re Bursh,* 14 B.R. 702, 704 (Bankr.D.Az.1981).

Having concluded that there is no statutory basis for a jury trial on the issue of nondischargeability, I now consider whether the seventh amendment makes such a provision.

### 2. SEVENTH AMENDMENT

In executing the first part of the Court's test, it becomes apparent that a comparison between nondischargeability litigation and 18th Century actions brought in the courts of England prior to the merger of the courts of law and equity is most difficult to accomplish.

Eighteenth Century bankruptcy law was originally a creditors law—a swift, sharp remedy placed in the hands of creditors for seizing upon the property and person of absconding or hiding debtors, for ferreting

---

**2.** Section 17(c)(5) of the 1970 Amendments to the Bankruptcy Act of 1898 provides as follows: Nothing in this subdivision c shall be deemed to affect the right of any party, upon timely demand, to a trial by jury where such right exists.

**3.** *See* Vern C. Countryman, *The New Dischargeability Law,* 45 Am.Bankr.L.J. 1, 34 (1971); Asa S. Herzog, *The Case For Jury Trials On The Issue*

*of Dischargeability,* 46 Am.Bankr.L.J. 235 (1972); Vern C. Countryman, *Jury Trials on Dischargeability—A Reply To Referee Herzog,* 46 Am.Bankr.L.J. 305 (1972); *see also In re Swope,* 466 F.2d 936 (7th Cir.1972), *cert. denied,* 409 U.S. 1114, 93 S.Ct. 929, 34 L.Ed.2d 697 (1973) (citing the Countryman article for the proposition that no right to jury trial was provided for by 1970 Amendments).

out concealed assets, for reducing them to money, and for distributing them equitably among creditors. Henderson, *Remington on Bankruptcy*, § 2993. There was originally no thought of affording any relief therein to the debtor himself by freeing him from further pursuit for his old debts. *In re Neely*, 134 F. 667 (1904, Ref NY).

It was not until one hundred and sixty years after enactment of the first bankruptcy law, in the reign of Queen Anne, that a provision for discharge was introduced. 4 Anne, ch. 17, § 7 (1705).[4] Even then, the privilege was granted very sparingly and was left largely to the discretion of the court. Henderson, *Remington on Bankruptcy*, § 2993. Also, four colonies had bankruptcy laws at the time of the Revolution.[5] There is no indication that disputes over discharge of debts under any of these 18th Century bankruptcy statutes were resolved by jury trial.

I have not located a case in which this direct issue has been raised.[6] Therefore, I must undertake the second step of the Court's analysis: examine the remedy sought and determine whether it is legal or equitable in nature. *Tull v. United States*, 481 U.S. 412, 417–418, 107 S.Ct. 1831, 1835–1836, 95 L.Ed.2d 365 (1987).[7]

As intimated in *In re Watson*, 78 B.R. 267 (Bnkr.C.D.Cal.1987), the remedy sought in nondischargeability proceedings is akin to declaratory relief: a declaratory judgment that a debt is not subject to discharge.[8] *In re Behr*, 80 B.R. 124 (Bankr.N.D.Iowa 1987); *In re Wesley*, 36 B.R. 526 (Bankr.S.D.Ohio 1983) (these courts referred to a creditor's nondischargeability complaint as a petition for declaratory judgment). Nevertheless, classification of a proceeding as one for declaratory relief does not *ipso facto* determine whether the action is one at law or in equity.

The Court in *Beacon Theatres Inc., v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1958), held that a defendant in a declaratory relief suit was entitled to a jury trial on those issues that would have been tried by a jury had the declaratory relief action not been filed. The Court stated that the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, specifically preserves the right to a jury trial where it exists. *Id.*, at 504, 79 S.Ct. at 953; Fed.R. Civ.P. 57. Thus, the similarity between section 523 claims and declaratory relief claims offers no answer.

In *Local Loan Co. v. Hunt*, 292 U.S. 234, 241, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934),

---

**4.** The English adopted the idea of discharge with 4 Anne ch. 17, § 7 (1705), although the aim of that reform seems to have been more to help creditors by encouraging debtor cooperation, than to benefit debtors. J. MacLachlan, *Handbook of the Law of Bankruptcy* 88 (1956).

**5.** *See* John C. McCoid, II, The Origins of Voluntary Bankruptcy, Vol. 5, No. 2 Bankr.Dev.J. 361 (1988); P. Coleman, Debtors and Creditors in America (1974).

**6.** *Cf.* Vern C. Countryman, *The New Dischargeability Law*, 45 Am.Bankr.L.J. 1, 39. "It seems clear as can be, then, for an issue that seems never to have been directly raised, that there is no right to a jury trial on the issue of dischargeability. When a creditor sues on a claim as to which he is entitled to jury trial and the debtor pleads a bankruptcy discharge as a defense [the former practice], this defense, like equitable defenses, is for the court even though the creditor's claim is for the jury."

**7.** Some would say this task is equally fruitless: "In reality the distinction between the two

classes of remedies [legal and equitable] is more or less arbitrary and groundless. It is well said also that the courts of equity are reaching into new fields of operation and the courts of law are encroaching upon the former territory of the courts of equity." *Philpott v. Superior Court*, 1 Cal.2d 512, 515, 36 P.2d 635 (1934); "Since the distinctions between actions at law and proceedings in equity have been abolished, considerable difficulty has often been encountered in defining them." *DeGarmo v. Goldman*, 19 Cal.2d 755, 123 P.2d 1 (1942).

**8.** Admittedly, a nondischargeability determination is analogous to declaratory relief. And while Fed.R.Civ.P. 57 is applicable to adversary proceedings by Bankruptcy Rule 7001 *et seq.*, a request for determination of nondischargeability cannot fairly be described as declaratory relief within the meaning of Rule 57. *See Katzenbach v. McClung*, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964) (Rule 57 relief should not be granted where a special statutory proceeding has been provided). *See also* Notes on Rule 57 of Advisory Committee on Rules, 28 U.S.C.App. 5178 (1958 ed.).

the Court stated that orders of discharge are decrees in equity determining a status. In that case, after debtor received a discharge of its debts in bankruptcy, a creditor initiated a suit in state court to collect a pre-petition debt. The debtor instituted an action in the court which had administered the bankruptcy proceeding praying that the creditor be enjoined from efforts to collect on the debt. The bankruptcy court enjoined the creditor, and the Supreme Court affirmed, stating:

> The pleading by which respondent invoked the jurisdiction of the bankruptcy court in the present case is in substance and effect a supplemental and ancillary bill in equity, in aid of and to effectuate the adjudication and order made by the same court. That a federal court of equity has jurisdiction of a bill ancillary to an original case or proceeding, in the same court, whether at law or in equity, to secure or preserve the fruits and advantages of a judgment or decree rendered therein, is well settled.

292 U.S. at 239, 54 S.Ct. at 696.

Citing *Local Loan Co. v. Hunt*, the court in *In re Schmid*, 54 B.R. 520 (Bankr.E.D. Pa.1985), stated that an action to determine the dischargeability of a debt is an equitable proceeding. Under the common law, equitable proceedings and equitable actions are not tried by a jury. *Katchen v. Landy*, 382 U.S. 323, 336, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966).

Other cases have considered the issue of the right to a jury trial in nondischargeability proceedings and have concluded that such a right does not attach. *In re Swope*, 466 F.2d 936 (7th Cir.1972), *cert. denied*, 409 U.S. 1114, 93 S.Ct. 929, 34 L.Ed.2d 697 (1973); *In re Hinchey*, 349 F.Supp. 116 (Or.1972). These cases draw on the work of Professor Countryman, *supra*, with little or no independent analysis.

Countryman considered the right to jury trial after the 1970 Amendments.[9] Because the new statute provided for the right to jury trial where such right existed, it was necessary to determine whether the right existed prior to the 1970 Amendments. Countryman surveyed 18th Century English bankruptcy laws and concluded that the right to jury trial did not exist at common law. He stated:

> I do not rely on the oft-stated proposition that a bankruptcy court is a court of equity, coupled with the proposition that right to jury trial which might otherwise exist are lost with respect to estates in the custody of equity courts. I do not rely, either, on the proposition that the seventh amendment's guaranty of jury trial does not apply to the resolution of the bankruptcy courts of questions incidental to the administration of the estate. Nor do I rely on the bankruptcy court's summary jurisdiction to allow and disallow claims, nor upon any doctrine of waiver of a constitutional or statutory right to jury trial ... I rely, rather, on the proposition that there is no right to jury trial on the issue of dischargeability, regardless of how, or in what tribunal, the issue arises.

Countryman, *The New Dischargeability Law*, 45 Am.Bankr.L.J. 1, 36 (1972). The Court in *Granfinanciera, S.A. v. Nordberg*, —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) concluded similarly. i.e., just because a proceeding is in bankruptcy court, the right to a jury trial is not *per se* unavailable.

Independent of the historical analysis of whether claims concerning bankruptcy discharge were heard in equity or at law in 1790, I believe that there is another factor which is equally, if not more, important in making my decision. This factor is what effect trying section 523 claims by jury will have upon the efficacy and efficiency of bankruptcy courts.

A basic policy underlying the Bankruptcy Code is providing honest individual debtors a "fresh start" towards a new life free from the burden of crushing and unmanageable debt. I conclude that the efficient administration of the bankruptcy court system and the provision of a fresh start to honest debtors will both be threatened if

---

**9.** Public Law 91–467 (84 Stat. 990 (1970)) applied to cases filed on or after December 19, 1970. It created new law regarding bankruptcy discharges.

bankruptcy courts and debtors must face the resolution of section 523 claims by a jury trial.

This is true because it is unclear whether bankruptcy courts can conduct jury trials. *Granfinanciera, supra.* If these trial must be conducted by district courts, bankruptcy debtors will not receive their fresh start as promptly or as efficiently as envisioned by Congress. This is because our district courts' dockets are bursting with criminal cases that must and will take precedence over civil actions, especially those requiring jury trials. Such delay, and the increased cost of paying for the defense of a jury trial, will inevitably force honest debtors to agree to satisfy nondischargeable claims which should have been discharged.

The foregoing may be dismissed by some as the parochial concern of a bankruptcy judge. I note, however, that at least three members of the United States Supreme Court share this concern, at least insofar as the efficiency of the bankruptcy court system may be threatened by the insertion of a right to a jury trial in bankruptcy adversary proceedings. *Granfinanceria, S.A. v. Nordberg,* —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), dissenting opinion of Justice White and dissenting opinion of Justices Blackman and O'Connor. To the extent that an efficient bankruptcy court system is an integral part of our nation's economy and its people's financial well-being, this concern should also be shared with those outside our legal system.

### III. CONCLUSION

I find that there is no statutory basis for a trial by jury on the issue of nondischargeability. While there may have been a question as to whether a prior and superceded statute provided a right to jury trial, current statutes leave no doubt that Congress did not intend for the issue of nondischargeability to be decided by a jury.

Furthermore, a survey of 18th Century British bankruptcy laws is devoid of any reference to the right of a jury trial on the issue of dischargeability. Historically a debtor's discharge was pleaded as an eq-

uitable defense to the creditor's claim. The Supreme Court has characterized such contests arising out of these defenses as equitable. Accordingly, there is no right to have the issue of dischargeability tried by a jury under the seventh amendment.