In re Henry Lee Stewart BROWN,

FIRST TENNESSEE BANK OF CHAT-
TANOOGA, N. A., Plaintiff,

v.

Henry Lee Stewart BROWN, Defendant.

Bankruptcy No. 80–01339A.
Adv. No. 80–0516A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Dec. 18, 1980.

Daniel I. MacIntyre, Hollberg & MacIntyre, Atlanta, Ga., for plaintiff.

Richard D. Ellenberg, Schultz, Ellenberg & Roberts, Atlanta, Ga., for defendant.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

This matter was brought before the Court on motion to dismiss filed by the defendant and on motion to amend certificate of service filed by plaintiff in the above–styled adversary proceeding. Upon

considering the motions, the briefs of the parties and the pleadings on file the Court makes the following decision.

## FINDINGS OF FACT

On June 23, 1980 First Tennessee Bank of Chattanooga, ("Plaintiff") commenced an adversary proceeding to determine the dischargeability of a debt against Henry Lee Stewart Brown, ("Defendant"). Plaintiff served Defendant's counsel with a copy of the complaint and the summons and notice of pre–trial conference. Thereafter Defendant filed a motion to dismiss this action for lack of personal jurisdiction and for failure to state a claim on which relief can be granted.

On August 4, 1980 Plaintiff filed a "Motion to Amend Certificate of Service and Memorandum in Support Thereof" and an "Amended Certificate of Service". In the amended certificate of service it is stated that service was made on June 27, 1980 by hand delivery of a copy of the complaint and the summons and notice of pre–trial conference to Defendant's attorney in Defendant's presence.

## APPLICABLE LAW SERVICE OF PROCESS

In bankruptcy proceedings personal service of a complaint and summons and notice of pre–trial conference may be made as provided under Rule 4(d) of the F.R.Civ.P. Rule 704(b) of the Bankruptcy Rules. Under paragraphs (1) and (7) of Rule 4 of the F.R.Civ.P., section (d), an individual other than an infant or incompetent person may be served by delivering a copy of the summons and complaint to the individual personally; by leaving such copies at the individual's house or usual place of abode with someone of suitable age and discretion residing therein; by delivering a copy of the papers to an authorized agent or by serving the summons and complaint in the manner "prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." 13 *Collier on Bankruptcy* (14th Edition) ¶ 704.05[2], pp. 7–84–7–85.

Rule 704 of the Bankruptcy Rules also provides for service by mail upon defendant at the address shown on the bankruptcy petition or statement of affairs or at such address as may be designated in a writing filed with the court. Rule 704(c)(9) of the Bankruptcy Rules.

■ From the record it appears that Defendant has not been properly served. Service of process was made on Defendant's attorney, a manner of service not provided for by Rule 4 of the F.R.Civ.P. or Rule 704 of the Bankruptcy Rules.

■ Plaintiff argues that there has been substantial compliance with Rule 704 because Defendant received actual notice of Plaintiffs' claim and the relief sought. In response to this argument the Court must answer that personal jurisdiction is acquired through proper service of process accomplished in accordance with the Federal Rules. *Securities & Exchange Commission v. Gilbert*, 82 F.R.D. 723 (S.D.N.Y. 1979). "[N]o jurisdiction is acquired over a defendant defectively served merely because he has full knowledge of the proceedings against him." *Kadet–Kruger & Co. v. Celanese Corporation of America*, 216 F.Supp. 249, 250 (N.D.Ill.1963).

In reliance on Rule 704(h) of the Bankruptcy Rules Plaintiff argues that Defendant was effectively served notwithstanding an error in the manner of service. Rule 704(h) provides:

"(h) Effect of Errors; Amendment. Service of process under this rule shall be effective notwithstanding an error in the papers served or the manner or proof of service if no material prejudice resulted therefrom to the substantial rights of the party against whom the process issued. Amendment of process or proof of service thereof may be allowed as provided in Rule 4(h) of the Federal Rules of Civil Procedure."

This particular section of Rule 704 was interpreted in *In Re: Samuel James Wehunt*, 3 B.C.D. 1119 (D.C.N.D.Ga.1977). In that case service was not made within 10 days of the date of the issuance of summons as required by section (e) of Rule 704. As in the instant case, the plaintiff relied on Rule 704(h) in asserting that the defective service was effective. The district court held that the purview of Rule 704(h) is limited to amendment, content of papers served and proof of service. The court refused to apply this section of Rule 704 to service out of time.

This interpretation of Rule 704(h) is supported by the Advisory Committee's Notes to Rule 704. It is said:

> "Subdivision (h) gives the court the same discretion to allow amendment of process or proof of service as that granted by Rule 4(h) of the Federal Rules of Civil Procedure but also recognizes that insubstantial and nonprejudicial errors occurring in papers served under this rule and in the proof of service may be disregarded."

■ Failure to serve a party is not one of those insubstantial and nonprejudicial errors contemplated by Rule 704(h). An error in the manner of service goes to the very heart of a court's personal jurisdiction. Accordingly the Court concludes that Rule 704(h) is inapplicable in this case.

The amended certificate of service filed with Plaintiff's motion to amend certificate of service shows on its face that Defendant has not been properly served. For this reason, the Court concludes that the amendment should not be allowed.

### DISMISSAL

■ A court has discretion to dismiss an action for insufficient service of process or to retain the case but quash the service that has been made on the defendant. Wright & Miller, *Federal Practice and Procedure*: Civil § 1354. Courts tend to favor the quashing of service over dismissal of an action where it appears that proper service may be made. *Buck v. Union Trustees of the Plumbers and Pipefitters National Pension Fund of the Plumbers and Pipefitters International*, 70 F.R.D. 530 (E.D.Tenn. 1976); *Krulikowsky v. Metropolitan District Council of Philadelphia & Vicinity*, 30 F.R.D. 24 (E.D.Pa.1962). Quashing is favored for the reason that it avoids the unnecessary expense and delay which would be caused by dismissal and the subsequent institution of a new suit.

■ It appears that in the instant case proper service of process may still be effected. The Court therefore concludes that the quashing of service is the more appropriate remedy in this case. It is therefore

ORDERED that Plaintiff's motion to amend certificate of service shall be and same is hereby denied; and it is further

ORDERED that Defendant's motion to dismiss for insufficiency of service of process shall be and same is hereby denied; and it is further

ORDERED that the service of process made on Defendant by Plaintiff shall be and same is hereby quashed.

The Court shall reserve Defendant's motion to dismiss for failure to state a claim on which relief can be granted for future consideration.