## In re Robert Leroy MAREADY and Ann H. Maready, Debtors.

## Lisbeth HUISH, Judgment Creditor,

v.

## Robert Leroy MAREADY, et al., Judgment Debtor.

**Bankruptcy No. B–85–0885–PHX–RGM. Adv. No. 87–664.**

United States Bankruptcy Court, D. Arizona.

Dec. 19, 1989.

Dow Glenn Ostlund, Tiffany & Hoffman, Phoenix, Ariz., for debtors.

F. Shaun Burns, Dorazio, Barnhorst & Bonar, San Diego, Cal., Michael W. Carmel, Phoenix, Ariz., for Lisbeth Huish Case.

Timothy H. Barnes, Myers & Barnes, Phoenix, Ariz., for Mesa Resources Corp.

## AMENDED/CORRECTED OPINION AND ORDER

ROBERT G. MOOREMAN, Chief Judge:

This matter comes before the Court pursuant to Lisbeth Huish's motion for reconsideration of the court's minute entry dated May 16, 1989, motion for a new trial, and objections to findings of fact and conclusions of law.

The main issues before the court are 1) whether the settlement agreement entered into between Robert Maready (Mr. Maready), and Lisbeth Huish (Ms. Huish) also binds Ann H. Maready (Mrs. Ann Maready) and whether the community property of Mr. Maready and Mrs. Ann Maready (Mareadys) is liable for the stipulated judgment entered against Mr. Maready; and 2) whether, on the record before the Court,

the community property of the Mareadys is liable, pursuant to 11 U.S.C. § 541 and § 524(a)(3)[1], for a stipulated judgment entered against Mr. Maready when Mrs. Ann Maready was never served pursuant to Bankruptcy Rule 7004. For the reasons stated below the Court finds that the settlement agreement does not bind Mrs. Ann Maready and based on this record, the Mareadys' community property is not liable, pursuant to § 524, for the stipulated judgment entered against Mr. Maready, due to the court's lack of personal jurisdiction.

## FACTS

On April 3, 1985, Robert and Ann Maready (Mareadys) filed a joint Chapter 11 petition, which was converted to a Chapter 7 case by an order entered March 28, 1986. While the Mareadys were still in Chapter 11, Ms. Huish, apparently unaware of the bankruptcy, loaned Mr. Maready approximately $462,000.00 between the months of October 1985 and January 1986. No court order was entered authorizing the borrowing and the Mareadys did not amend their Chapter 11 schedules to add this new debt nor did they list it on their Chapter 7 schedules. It is not disputed that Ms. Huish was not sent notice of the bankruptcy or of the July 4, 1986 bar date by which to file § 523/727 complaints and did not receive actual notice until "early July," 1986.[2]

On July 8, 1987, after the noticed deadline for filing complaints for exception to dischargeability had passed, Ms. Huish filed a Motion for an Extension of Time to

File a Complaint Objecting to Discharge, citing § 523(a)(3)(B)[3]. A hearing was held on this motion on July 13, 1987, at which time the court continued the hearing until a response to Ms. Huish's motion was filed. No response was filed or order entered pursuant to this motion, but on December 10, 1987, pursuant to a settlement reached on this matter a complaint to determine the dischargeability of the debt, a stipulated settlement and a stipulated entry of judgment was filed. As part of the stipulated settlement agreement approved by the court it was agreed, between Ms. Huish and Mr. Maready only, to grant Ms. Huish's motion to file a late complaint objecting to the dischargeability of a debt. All of these pleadings only named Mr. Maready, and were only signed by him; Mrs. Ann Maready was never served nor given notice thereof.

After a hearing on January 5, 1989, the stipulations and the stipulated judgment were entered and filed. The judgment required Robert Maready to pay the sum of $482,124.80, plus interest and attorneys fees to Ms. Huish. On February 23, 1989, after certain discovery disputes regarding the community property belonging to the Mareadys, Mrs. Ann Maready filed a motion entitled Motion to Vacate and Set Aside Judgment. This motion asked the court to declare that the January 5, 1989, judgment was limited to the personal property of Mr. Maready and that it did not effect the community property of the Mareadys.

---

1. All future references to statutes will be to the Bankruptcy Code, 11 U.S.C. § 101 et seq., unless otherwise stated.

2. Ms. Huish states in her "Motion for Extension of Time to File Complaint Objecting to Dischargeability," filed July 8, 1987, that "she first learned of the bankruptcy in early July, but the deadline had expired on July 4, 1986." The Court notes that if Ms. Huish had actual knowledge of the bankruptcy prior to the July 4, 1986 bar date, that she would be barred from bringing a dischargeability complaint. *See In re Price,* 79 B.R. 888 (9th Cir. BAP 1987), *aff'd, In re Price,* 871 F.2d 97 (9th Cir.1989). Thus, if Ms. Huish had actual knowledge of the bankruptcy before the bar date, this case would at best only involve a stipulation of non-dischargeability of a debt which could only be binding on the parties

that had signed it, and would not be binding on Mrs. Maready nor the community property of the Mareadys.

3. Section 523(a)(3)(B) states in pertinent parts:
   (a) A discharge ... does not discharge an individual debtor from any debt—
   (3) neither listed nor scheduled ... with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit— ...
   (B) if such debt is of a kind specified in paragraphs (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such filing and request ...

A hearing on Mrs. Ann Maready's motion was held on May 16, 1989, at which time the parties orally stipulated that the Court should rule on the matter of a declaratory judgment to decide the issue of whether the stipulated judgment may be enforced against Mrs. Ann Maready, and/or the community property of the Mareadys. In a minute entry dated that same day, the Court granted Mrs. Ann Maready's motion to vacate the judgment. The entry stated:

the Court having duly considered all matters, the state of the record and arguments thereon and finds and concludes that the stipulated judgment in this adversary proceeding dated 1–5–88 is only enforceable against the debtor Robert Leroy Maready and in the present posture of the case not enforceable against Ann H. Maready or against the community property of the debtors.

After the entry of this minute entry, Ms. Huish filed an ex parte Motion for leave to file supplemental post-argument opposition to the motion of Mrs. Ann Maready. These arguments stated that the settlement agreement contained a choice of law provision electing the law of the state of California and that the judgment can reach the community property of the Mareadys based on §§ 101(6), 541 and 524. On May 31, 1989, this Court entered findings of fact and conclusions of law and an order of declaratory judgment, adopting the May 16, 1989, minute entry and specifically stating that the judgment is not to be satisfied out of the property of Mrs. Ann Maready nor the community property of the Mareadys. On that same date Ms. Huish's ex parte motion was denied. Ms. Huish then filed the present motions that are basically the same arguments as in her ex parte motions. On September 28, 1989, a hearing was held on the present motions and this matter was taken under advisement.

## DISCUSSION

1) Does the settlement agreement entered into by Mr. Maready and Ms. Huish bind Mrs. Ann Maready to its terms and thus make her and her community property liable for the judgment?

■ Ms. Huish requests the court to find that the settlement agreement entered into by Ms. Huish and Mr. Maready binds the Mareadys despite the fact that Mrs. Ann Maready did not sign or know about the settlement agreement and was not named or joined in the adversary complaint. The settlement agreement contains a choice of law provision that states that the "agreement shall be interpreted, enforced and governed by and under the laws of the state of California." Ms. Huish claims that this choice of law provisions binds both Mr and Mrs. Ann Maready to California law which does not require the spouse to be named in a suit in order to be liable for the judgment debts of the other spouse. Ms. Huish's contentions are misguided. Mrs. Ann Maready, from the facts submitted, is domiciled in the state of Arizona, and protected by Arizona laws and cannot be bound to California law by the unilateral actions of her husband. *See Lorenz–Auxier Financial Group v. Bidewell,* 160 Ariz. 218, 772 P.2d 41 (Ariz.App.1989).

The Arizona Court of Appeals, in *Bidewell,* was asked to decide if a choice of law provision in a lease signed by one spouse could bind the other spouse to Arizona law when both the husband and wife were at all relevant times domiciled in Oregon. The court stated that a choice of law provision binds the party that signs the contract but cannot bind a nonconsenting party. The Arizona Court of Appeals stated:

. . . this provision does not bind her [the non-signing spouse], as she is not a party to the leases, made no personal choice of law, and could not be bound by the terms, including the choice of law terms, of a contract she did not sign.

*We find no authority in Arizona* or *Oregon* that permits one spouse, acting extraterritorially without the other spouse's consent, to enlarge his dispositional power over the other spouse's property beyond the limits imposed by the law of the domiciliary state. . . . Mrs. Bidewell obtained a measure of protection through these statutes [referring to citations to Oregon Statutes omitted above] that her husband could not unilaterally sign away.

*Id.* at 44 (citation to Oregon states omitted) (emphasis added). Thus Ms. Huish's arguments that California law applies to Mrs. Ann Maready and her community property are not correct and, as applicable, the laws of Arizona apply. It should be noted, however, that the laws of California appear applicable to Mr. Maready since he did sign the settlement agreement and thus consented to the choice of law provision.

Additionally, this Court notes that an action to determine the dischargeability of a debt is governed by the Bankruptcy Code and Rules. To the extent that the Bankruptcy Code conflicts with state law, the "Bankruptcy Code will control under the supremacy clause, Article VI, Clause 2 of the United States Constitution. *See In re Teel,* 34 B.R. 762, 764 (9th Cir.BAP 1983). As will be discussed below, the Bankruptcy Code and Rules require that the parties in a dischargeability action be named in the complaint, properly served and given an opportunity to be heard.

2) Whether pursuant to § 524(a)(3) a judgment of nondischargeability entered against one spouse is enforceable against the community property of the other spouse, who was not given notice of the adversary proceeding pursuant to Bankruptcy Rule 7004?

■ Ms. Huish next argues that this Court should hold the Mareadys' community property liable for the Stipulated Judgment entered against Mr. Maready pursuant to §§ 541(a)(2) and 524(a)(3), and the cases *In re LeSueur,* 53 B.R. 414 (Bankr. D.Ariz.1985), and *In re Grimm,* 82 B.R. 989 (Bankr.W.D.Wis.1988). Although § 524(a)(3) and the cases cited above pro-

vide some authority for the proposition that if one spouse is held nondischargeable, on a community claim [4], the creditor may satisfy that claim out of the post-petition community property of the debtor's spouse,[5] the creditor wishing to invoke this remedy must comply with the requirements of due process and fairness, including giving reasonable notice and an opportunity to be heard to all parties from whom relief is sought.

■ The Constitution of The United States requires that due process be given before property may be taken. U.S. CONST. amend. V. Due process includes reasonable notice and an opportunity to be heard. *See Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1940). The bankruptcy courts afford due process pursuant to Bankruptcy Rules 9014 and 7004. Bankruptcy Rule 9014 states:

> In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and *reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.* ... The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004, ...

Bankruptcy Rule 9014 (pertinent parts, emphasis added). Reasonable notice would be afforded pursuant to Bankruptcy Rule 7004. Rule 7004 requires that summons and complaint be served on an individual other than an infant or incompetent by personal service or by mailing the summons and a complaint to the individual's dwelling house or usual place of abode or

---

4. See § 101(6).

5. Due to the violation of procedural due process outlined below, it is not necessary for this Court to reach whether or not this proposition is in fact correct. However, this Court is not in accord with such an outcome. The result expressed by *In re LeSueur,* and the cases that follow it are contrary to this Court's prior ruling that the sins of one spouse cannot be imputed to the other spouse. *In re Bursh,* 14 B.R. 702 (Bankr.D.Ariz.1981). By denying the protection of the innocent spouse's discharge to her community property, the wrong doing of the non-in-

nocent spouse is effectively imputed and the effect of the discharge is wiped out.

This Court notes that the *LeSueur* case states that "had the bankruptcy not intervened the innocent spouse could expect collection of this debt from community property" *Id.* at 416. However, on the record the bankruptcy did intervene and one of its purposes is to give the honest debtor a fresh start "unhampered by the pressure and discouragement of pre-existing debt." *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 113–14, 27 L.Ed.2d 124 (1970). The policy promoted by *LeSueur,* appears to deny a fresh start.

to the place where the individual regularly conducts a business or profession. No such service was ever given to Mrs. Ann Maready, nor was she named as a party from which relief was sought. Failure to comply with Bankruptcy Rule 7004 divests the court of jurisdiction over the parties not served. *See In re Harlow Properties*, 56 B.R. 794 (9th Cir. BAP 1985); *In re Brown*, 7 B.R. 486 (Bankr.N.D.Ga.1980).

In *Harlow Properties*, the Bankruptcy Appellate Panel stated:

> Without service in conformity with Bankruptcy Rule 7004 the court has no personal jurisdiction over the Harlows. *See Jackson v. Hayakawa*, 682 F.2d 1344 (9th Cir.1982).... But '[n]either actual notice ... nor simply naming the person in the caption of the complaint ... will subject defendants to personal jurisdiction if service was not made in substantial compliance with [the rule].' *Jackson*, 682 F.2d at 1347 (citations omitted);
>
> \*     \*     \*     \*     \*     \*
>
> Because of the lack of personal jurisdiction over the Harlows, the bankruptcy court's order is *void to the extent that it affects their rights.*

*Id.* at 799 (emphasis added).

In *Brown*, the bankruptcy court similarly held, in a case that involved the dischargeability of a debt, that service on the defendant's attorney without actually serving the party in interest was defective and the court did not have jurisdiction over the person. Thus, service without substantial conformity to Rule 7004 restricts the bankruptcy court's personal jurisdiction and the bankruptcy's court order is void to the extent that it effects the rights of the parties not properly served.

Mrs. Ann Maready has an interest in the community property of the Maready's marital community, and if the judgment is to be effective against that interest, there must be compliance with Bankruptcy Rules 9004 and 7004. The record indicates that she was never named nor served with the complaint in this case. Had Mrs. Ann Maready been given proper notice that Ms. Huish wanted her claim to also apply against the community property of the Mareadys, she would have then been given an opportunity to argue that this was not a community claim [6] or otherwise defend her interest in the community property and against the claim. Additionally, if she had been named in the complaint, as provided in Bankruptcy Rule 7003, she would have had the right to participate in the case and even the settlement process.

As the record presently stands in this matter, a complaint, stipulated settlement, and stipulated judgment have all been filed and entered without Mrs. Ann Maready being named or served. Therefore, this Court finds and concludes that it does not have jurisdiction over Mrs. Ann Maready or her community property interest and the judgment entered by the court is only effective against Mr. Maready.[7]

Although there is some authority for the proposition that the spouse need not be named and the community property may be affected under 524(a)(3) [8], this court finds, under these circumstances, that the Constitutional requirements of due process and fairness mandates that the affected spouse be named, served with notice, and have an

---

**6.** This Court notes that it has never been determined whether the present claim is a community claim pursuant to §§ 101(6) and 541(a)(2). If the present claim is not a community claim then § 524(a)(3) would not be applicable.

**7.** The Court notes that the movant, Ms. Huish, has requested that the Court find that at least Mr. Maready's interest in the community property be liable for the judgment, but this court finds as did the court in *In re LeSueur*, 53 B.R. 414 (Bankr.D.Ariz.1985) when it stated:

> Even if there was authority for surcharging only one-half of the after-acquired community property for such debt, the benefit to the innocent spouse appears to be slight when compared to the practical problems such a policy would create.

*Id.* at 416.

Thus the benefit to the creditor, in this case, likewise is not sufficient to overcome "practical problems such a policy would create."

**8.** See *Collier on Bankruptcy*, ¶ 524.01 at 524–14, n. 13 (15th ed. 1988) (citing *In re Bernardelli*, 12 B.R. 123 (Bankr.D.Nev.1985); *In re LeSueur*, 53 B.R. 414 (Bankr.D.Ariz.1985); *In re Grimm*, 82 B.R. 989 (Bankr.W.D.Wis.1988)).

opportunity to be heard before a judgment may be rendered against the community property of the debtors.

## CONCLUSION

Accordingly, after due consideration of the pleadings, oral argument and the record as a whole the Court finds and concludes, for the reasons stated above, that on this record the community property of the Mareadys is not liable for the stipulated judgment against Mr. Maready entered January 5, 1989, and that said judgment may only be satisfied out of Mr. Maready's separate property.

IT IS THEREFORE ORDERED that Ms. Huish's motions for reconsideration of the minute entry dated May 16, 1989; motion for new trial or in the first alternative, motion for reconsideration, or in the alternative motion to stay entry of findings and conclusions of law and declaratory judgment on the docket; and the creditor's objections to findings of fact and conclusions of law are all denied. Counsel for the Mareadys is directed to lodge a separate form of Judgment and Order consistent herewith, within 30 days of the date of this Order.