**In re Robert Leroy and Ann H. MAREADY, Debtors.**

**Lisbeth Huish CASE, Appellant,**

v.

**Robert Leroy MAREADY, Ann H. Maready, and Maready Community Property, Appellees.**

**BAP Nos. AZ–90–1030 RPV, AZ–89–2126.**

**Bankruptcy No. 85–0885–PHX–R M. Adv. No. 87–664.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 25, 1990.

Decided Jan. 9, 1991.

Michael W. Carmel, Phoenix, Ariz., for appellant Lisbeth Huish Case.

Timothy H. Barnes, Phoenix, Ariz., for appellees Robert and Ann Maready.

Before RUSSELL, PERRIS, and VOLINN, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

Judgment creditor appeals from a declaratory judgment of the bankruptcy court holding that community property is not liable for a nondischargeable debt because judgment creditor failed to serve the "innocent spouse" as a defendant in nondischargeability proceeding. No determination was made that the debt was a community claim. We remand for such a determination. It is not necessary to decide the issue of whether a debt is a community claim as part of a § 523 nondischargeability proceeding. We reverse and remand to give the creditor an opportunity to attempt to establish that the claim is a "community claim" and to what extent the community property is liable for a "community claim."

## I. FACTS

On April 3, 1985, Robert Leroy Maready and Anne Maready, husband and wife (the

Mareadys), filed a joint Chapter 11 petition that was converted to Chapter 7 on March 28, 1986. Between October 17, 1985 and January 31, 1986, unknown to Mrs. Maready and without court approval, Mr. Maready obtained loans/investments in the amount of $482,124.80 from the appellant, Lisbeth Huish (Huish). Huish was not aware that the Mareadys had filed a petition and was not added as a creditor in the Chapter 11 case nor listed as a creditor in the Chapter 7 case. On or about May 26, 1986, Mr. Maready signed a promissory note under which he and Mesa Management Corporation are jointly and severally liable for the amount of $482,124.80 plus 12.5% per annum interest plus attorneys' fees and costs.[1]

In July 1987, after the bar date for filing a nondischargeability complaint, Huish first had actual notice of the Mareadys' bankruptcy. On December 14, 1987, Huish filed a motion for leave to file a complaint to determine dischargeability of debt. A Settlement and Dismissal of Pending Motions and Order thereon was entered on January 5, 1988 wherein Mr. Maready and Huish stipulated that the debt would be nondischargeable. A stipulated judgment was entered against Mr. Maready for the full amount of the debt.

After Huish attempted to collect on the judgment, Mrs. Maready and the Maready marital community filed a Motion to Vacate and Set Aside the Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6). At the hearing the parties agreed that the issue was properly before the court as a request for declaratory relief and that the Joint Pretrial Statement would be amended to include the request for declaratory relief as an issue.

In granting the request, the bankruptcy court ruled that the stipulated judgment applied only to the separate property of Mr. Maready and not property of the Maready marital community. Huish filed a Motion for a New Trial or in the Alternative, Motion for Reconsideration, or, in the

Alternative, Motion to Stay Entry of Findings of Fact and Conclusions of Law and Declaratory Judgment on the Docket and also Judgment Creditor's Objections to Findings of Fact and Conclusions of Law. The bankruptcy court denied all of Huish's motions and on December 19, 1989 issued an Amended/Corrected Opinion and Order directing counsel for the Mareadys to submit an amended judgment. *In re Maready,* 108 B.R. 728 (Bankr.D.Ariz.1989). This appeal followed.

## II. ISSUE

Whether the bankruptcy court abused its discretion in granting declaratory relief and ordering that the subject stipulated order and stipulated judgment entered into between Lisbeth Huish and Mr. Maready may not be executed against the non-exempt postpetition property of the Maready marital community.

## III. STANDARD OF REVIEW

The bankruptcy court's decision to grant declaratory relief is reviewed *de novo.* *United States v. State of Wash.,* 759 F.2d 1353, 1356–57 (9th Cir.1985).

## IV. DISCUSSION

The parties to this appeal argue the issue of whether the bankruptcy court erred in failing to vacate the January 5, 1988 judgment pursuant to Fed.R.Civ.P. 60(b) as void for lack of personal jurisdiction over Mrs. Maready and the Maready marital community. However, the record clearly indicates that the trial court ruled that the Rule 60(b) motion was not the correct procedural posture for the relief requested and all parties orally stipulated that the issue was properly before the court as a motion for declaratory relief.

### A. TREATMENT OF NONDISCHARGEABLE COMMUNITY CLAIMS UNDER 11 U.S.C. SECTION 524

The bankruptcy court made no determination of whether Huish's claim against Mr. Maready was a community claim. *In*

---

1. Mr. Maready is president of Mesa Management Corporation, an Arizona corporation in-

volved in real estate investments.

*re Maready,* 108 B.R. 728, 733 n. 6 (Bankr. D.Ariz.1989). However, the court went on to rule that the judgment of nondischargeability may not be enforced against any community property of the debtors because Mrs. Maready had not been given notice of the nondischargeability proceeding pursuant to Bankruptcy Rule 7004, depriving Mrs. Maready procedural due process and divesting the court of jurisdiction. Therefore, we examine the effect of the failure to determine whether Huish's claim was a community claim upon the ruling of the court.

 Community property is not liable for a debt unless it is shown to be a community claim.[2] Title 11 U.S.C. § 524 governs the effect of discharge on a community claim and provides in pertinent part:[3]

(a) A discharge in a case under this title—

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1338(a)(1) of this title, or that would be so excepted, determined in accordance with the provision of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

(b) Subsection (a)(3) of this section does not apply if—

(1)(A) the debtor's spouse is a debtor in a case under this title, or a bankrupt or a debtor in a case under the Bankruptcy Act, commenced within six years of the date of the filing of the petition in the case concerning the debtor; and

(B) the court does not grant the debtor's spouse a discharge in such case concerning the debtor's spouse; or

(2)(A) the court would not grant the debtor's spouse a discharge in a case under chapter 7 of this title concerning such spouse commenced on the date of the filing of the petition in the case concerning the debtor; and

(B) a determination that the court would not so grant such discharge is made by the bankruptcy court within the time and in the manner provided for a determination under section 727 of this title of whether a debtor is granted a discharge.

The parties, in this case, stipulated that the debt Mr. Maready owed to Huish was nondischargeable. If it is determined that a claim is not a community claim, then community property is not liable. *See* 2 *Collier on Bankruptcy,* ¶ 101.06 at 101–27 (15th ed.1988). However, without a determination that the debt was not a community claim, the declaratory judgment ruling is premature.

## B. WHEN MUST THE COMMUNITY CLAIM ISSUE BE DETERMINED?

The bankruptcy court framed the issue as "[w]hether pursuant to § 524(a)(3) a

---

**2.** Section 101(6) defines community claim as a "claim that arose before the commencement of the case concerning the debtor for which property of the kind specified in section 541(a)(2) of this title is liable, whether or not there is any such property at the time of the commencement of the case." Under § 348(d) "[a] claim against the estate or the debtor that arises after the order for relief but before the conversion in a case that is converted under section 1112, 1307, or 1208 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition." Huish's claim arose after the filing of the Chapter 11 petition and prior to conversion to

Chapter 7. Under § 348(d), it is to be treated as a claim that arose immediately before commencement of the case, and therefore, it is potentially a community claim.

The Code does not define community property. Whether a creditor holds a community claim will be determined by state law. *Matter of Grimm,* 82 B.R. 989, 992 (Bankr.W.D.Wis. 1988); 2 *Collier on Bankruptcy,* ¶ 101.06 at 101–27 to 101–28 (15th ed.1988).

**3.** All references to Code sections are to Title 11 of the United States Code unless otherwise indicated.

judgment of nondischargeability entered against one spouse is enforceable against the community property of the other spouse who is not given notice of the adversary proceeding pursuant to Bankruptcy Rule 7004." *Maready*, 108 B.R. at 732. The court's decision seems to require that a determination that a debt is a community claim be made at the time dischargeability is determined:

> Mrs. Maready has an interest in the community property of the Maready's marital community, and if the judgment is to be effective against that interest, there must be compliance with Bankruptcy Rules 9004 and 7004. The record indicates that she was never named nor served with the complaint in this case. Had Mrs. Maready been given proper notice that Mrs. Huish wanted her claim to also apply against the community property of the Mareadys, she would have been given an opportunity to argue that this was not a community claim or otherwise defend her interest in the community property and against the claim.

*Id.* at 733.

■ There is no statute or rule that requires a plaintiff to allege and prove that a debt is a community claim to obtain an exception to discharge under § 523, nor is a community claim an element of § 523. In short, nowhere in the rules or the Code is there a requirement to give the "innocent spouse" notice at this point in the bankruptcy case that a judgment creditor will attempt to satisfy a debt from community property.[4]

### C. WHEN DOES THE ISSUE OF A COMMUNITY CLAIM ARISE?

■ Although the issue may arise at any time, it will most likely arise when the creditor attempts to execute on the judgment. At that time both spouses would be served and either spouse could object on the basis that the judgment was not a community claim. Claims of exemptions and objections thereto are treated in much the same manner under the Bankruptcy Rules.[5] Once the debtor claims property as exempt, parties in interest may object to the claimed exemptions.

Similarly, it is not necessary and it may be impractical to decide the issue of whether a debt is a community claim at an earlier point in the case than when the creditor attempts to execute on the judgment. Mrs. Maready had the opportunity to assert that Huish's judgment was not a community claim when Huish attempted to satisfy the debt with community property. Nothing that had occurred up to that point in the case prevented or abridged her right to do so.

### V. CONCLUSION

Granting declaratory judgment on the issue of whether the stipulated judgment may be enforced against the community property of the Mareadys was an error where there was first no determination that the judgment was a community claim. We REMAND this case to the bankruptcy court to determine if it is a community claim. If it is so determined, the court may then decide what portion of the community property is liable.[6]

---

**4.** Whether the "innocent spouse" may be named in a § 523 complaint only for the purpose of alleging a community claim, and if so named, whether that spouse may be dismissed on his or her request, are not questions before us. *See Collier on Bankruptcy* ¶ 524.01, n. 13.

**5.** *See* Bankr.R. 4003(a) and (b).

**6.** We note that while there is authority for holding all community property liable for the debts of the guilty spouse, *In re LeSueur*, 53 B.R. 414 (Bankr.D.Ariz.1985); *In re Bernardelli*, 12 B.R. 123 (Bankr.D.Nev.1981); *In re Giantvalley*, 14 B.R. 457 (Bankr.D.Nev.1981), it is not necessary to determine what portion would be liable to reach a decision in this appeal.