999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CROSSROADS, LTD., a California limited partnership,
Plaintiff-Appellant,
v.
John J. CORCORAN, Defendant-Appellee.
 No. 92-15248.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1993.*
Decided July 14, 1993.
 
 Before LAY,** HUG, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Crossroads, Ltd., a California limited partnership, appeals the district court's affirmance of two bankruptcy court orders denying Crossroads a declaration that Chapter 7 debtor John J. Corcoran is liable for a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(2)(B) (1988). Specifically, Crossroads challenges (1) an order rescinding a stipulation of non-dischargeability entered by Corcoran and Crossroads, and (2) a post-trial order denying Crossroads' non-dischargeability complaint on its merits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 3
 RECISSION OF THE NON-DISCHARGEABILITY STIPULATION
 
 
 4
 On October 29, 1990, the bankruptcy court entered an order rescinding a stipulation of non-dischargeability into which Crossroads and Corcoran had previously entered, but upon which the court had not yet entered judgment. The court based its ruling upon a finding that the stipulation purported to hold Barbara Corcoran's share of the marital estate liable for the debt without her consent. Crossroads argues (1) that it never intended to hold Barbara Corcoran liable for the debt and (2) even if the stipulation did so, the court's conclusion regarding marital liability is premature. We disagree.
 
 
 5
 "Because the bankruptcy judge is uniquely situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion." In the Matter of Walsh Constr., Inc., 669 F.2d 1325, 1328 (9th Cir.1982). The relevant provision of the stipulation reads:
 
 
 6
 The underlying obligation (which gave rise to this action) was entered into by Corcoran for the benefit of the marital community (between Corcoran and his wife, Barbara Corcoran). However, the separate property of Barbara Corcoran is not liable for this debt unless Corcoran has fraudulently conveyed property to her.
 
 
 7
 (Emphasis in original.) By referring to the fact that the underlying obligation was entered into on behalf of the marital community, this language may reasonably be read to suggest that the marital community will be held liable for the debt. This reading is supported further by the fact that the language specifically excludes Barbara Corcoran's "separate property," but not her share of the marital community. The bankruptcy court's reading of the stipulation was therefore not unreasonable.
 
 
 8
 The bankruptcy court, moreover, did not abuse its discretion by declining to enter judgment on the stipulation on the ground that Barbara Corcoran had not consented to it. The stipulation arose from a controversy over a guaranty obligation to which Barbara Corcoran was not an alleged party. Under Arizona law, a marital community may not be held liable under a guaranty unless it is signed by both spouses. See Ariz.Rev.Stat.Ann. § 25-214(C)(2) (1991); Consolidated Roofing & Supply Co. v. Grimm, 682 P.2d 457, 463 (ArizCt.App.1984); Arizona Feeds v. A & R Argo, Inc., 666 P.2d 520, 523 (Ariz.Ct.App.1983). As a result, judgment on the stipulation might well have worked Barbara Corcoran an injustice.
 
 
 9
 Relying on In re Maready, 122 B.R. 378 (Bankr. 9th Cir.1991), Crossroads argues that because it was not seeking to enforce a judgment against a particular asset, the bankruptcy court's assessment of marital community liability was premature. We disagree. Unlike the bankruptcy court in Maready, the court in this case did not conclusively determine the liability of a marital community under a stipulation upon which the court had previously entered judgment. The court in this case merely declined to enter judgment, for the first time, on a stipulation which appeared to bind one spouse's share of a marital community in contravention of local law. We conclude, therefore, that the bankruptcy court's order was a proper exercise of its discretion.
 
 II.
 MERITS OF THE NON-DISCHARGEABILITY COMPLAINT
 
 10
 On July 11, 1991, after completion of a trial on the matter, the bankruptcy court dismissed Crossroads' non-dischargeability complaint and discharged the claim asserted therein. The bankruptcy court concluded that the requirements of 11 U.S.C. § 523(a)(2)(B) had not been met because (1) John Corcoran had not made a financial guaranty of the lease, (2) Crossroads had not relied on Corcoran's financial statement in granting the lease or entering the guaranty, and (3) there was "no misrepresentation, false financial statements or fraud." Crossroads challenges all of these conclusions.
 
 
 11
 We review the bankruptcy court's legal conclusions de novo and its factual conclusions for clear error. In re Professional Inv. Properties of Am., 955 F.2d 623, 626 (9th Cir.), cert. denied, 113 S.Ct. 63 (1992).
 
 
 12
 The bankruptcy court denied Crossroads' complaint, in part, because Crossroads had not demonstrated reliance under 11 U.S.C. § 523(a)(2)(B)(iii). The court found that Crossroads "did not rely upon the financial statement of June 15, 1983 which was not accurate at the times involved but rather relied upon Playboy Group financial strength and the work done to start up the new club." We conclude that this factual finding was not clearly erroneous and that the court's ultimate legal conclusion was proper.
 
 
 13
 As the district court observed, the trial testimony was equivocal. Crossroads' attorney, John Hargrove, testified that the bankruptcy court for the Southern District of California relied on Crossroads' representations regarding the financial strength of Corcoran and his associates in approving the lease. Hargrove did not explicitly testify, however, that Crossroads had relied on the information provided by Corcoran. Crossroads' president, Kenneth Shuttleworth, did testify that his partnership relied on the financial statements of Corcoran and his associates, but also testified that the partnership relied on the operating experience of the principals, the apparent fact that Corcoran's corporation had secured a $250,000 credit line, the fact that the corporation had an impressive business plan, and the fact that the Playboy International Group had given its preliminary approval to the enterprise. Based on the evidence adduced at trial, we conclude that the bankruptcy court's finding was not clearly erroneous.
 
 
 14
 Crossroads contends that the bankruptcy court erred as a matter of law by concluding that section 523(a)(2)(B)(iii) was not satisfied because Crossroads did not rely solely on the financial statement, but on other factors as well. We reject this argument because it rests upon a faulty premise. The bankruptcy court did not make such a conclusion. To the contrary, the order clearly expresses the court's findings (1) that Crossroads did not rely on Corcoran's financial statement and (2) that Crossroads did rely on other considerations. Crossroads argument therefore fails.
 
 
 15
 Because we conclude that the bankruptcy court did not clearly err in finding that there was no reliance under section 523(a)(2)(B)(iii), and that the court properly dismissed Crossroads' non-dischargeability complaint on this ground, it is unnecessary to address the remainder of Crossroads' arguments.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge, for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3