**In re Richard E. CLARK and Sherilyn J. Clark, Debtors.**

**Edward J. KOSAC, Jr., Plaintiff,**

v.

**Richard E. CLARK, Defendant.**

**Bankruptcy No. B–94–04572–PHX–RGM. Adv. No. 94–697.**

United States Bankruptcy Court, D. Arizona.

March 31, 1995.

Ronald E. Reinsel, Scott B. Cohen, Russell O. Farr, Streich Lang, Phoenix, AZ, for plaintiff Edward J. Kosac, Jr.

Richard E. Clark, Scottsdale, AZ, for defendant.

Virginia S. Matte, Davis & Lowe, Phoenix, AZ, for trustee.

Stanley Fogler, Chapter 7 Trustee, Phoenix, AZ.

## OPINION AND ORDER

ROBERT G. MOOREMAN, Bankruptcy Judge.

This matter is before the Court pursuant to Edward Kosac's ("Kosac") nondischargeability complaint. Hearings were held February 22, 23, 24, 27, 28 and March 1, 1995, on this matter. The Court granted the Debtor until March 8, 1995, to file a response to Kosac's trial brief and granted Kosac until March 15, 1995, to reply after which the matter was taken under advisement. After due consideration of the pleadings, the joint pre-trial statement, and the record herein, and under the present posture of the case, the Court finds and concludes the following in making its decision.

1. The Debtors, Richard and Sherilyn Clark, filed a petition under Chapter 7 of the Bankruptcy Code on May 17, 1994.

2. Kosac's claim is the result of Debtor Richard Clark's ("Clark") actions and conduct while serving as Kosac's attorney in state court litigation. Kosac was a defendant in state court construction litigation referred to as the Saguaro Ridge litigation, Superior Court Case No. CV 92–01629.

3. Kosac employed Clark and entered into a written retainer agreement on approximately September 17, 1992, under which Clark was to represent Kosac individually and to represent the estate of Elizabeth Kosac.

4. Prior to trial, Clark represented to Kosac that he would appear at the trial on Kosac's behalf and present defenses relating to Kosac's liability and the amount of damages.

5. On the sixth day of the state court trial, the presiding judge made a ruling which was adverse to Kosac just prior to the noon recess. After the lunch break, Clark informed the judge that he and Kosac would not continue to participate in the trial and left the courtroom.

6. As was his sole responsibility, Clark did not cross-examine the plaintiff's witness, did not call any defense witnesses, nor did he present any evidence to dispute the Plaintiff's claims and evidence. Kosac did not testify in the state court litigation.

7. The plaintiff in the state court litigation was granted a directed verdict after presenting its case.

8. On April 18, 1994, a judgment was entered against Kosac in the amount of $1,270,406.75.

9. After the judgment was granted, Clark sought a judgment not withstanding the verdict and a new trial.

10. At the hearing regarding post-judgment relief, the Judge commented on the fact that Kosac, at Clark's direction, had walked out of the trial before the plaintiff had fully presented its case. The Court denied the motion and did not grant a new trial.

11. At the time of the state court litigation, Clark did not have professional liability insurance.

12. The Joint Pretrial Statement states that it is undisputed that legal work done by Clark for Kosac was done to benefit Clark's marital community. Clark's wife/co-debtor did not sign the Joint Pretrial Statement or appear at trial and no evidence was presented at the trial herein concerning her conduct.

*1. WHETHER KOSAC IS ENTITLED TO A NON–DISCHARGEABLE JUDGMENT PURSUANT TO 11 U.S.C. 523(a)(6) AND/OR (a)(4)*

Kosac asserts that he is entitled to a non-dischargeable judgment against the debtors under 523(a)(6) and 523(a)(4). Sec-

tion 523 exceptions to discharge must be established by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 284–85, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991).

Under 523(a)(6), a debt may be nondischargeable for willful and malicious injury by the debtor to another entity or to the property of another entity. " 'Willful'... means deliberate or intentional ... The creditor must show the debtor acted intentionally. The intent required is intent to do the act at issue, not intent to injure the victim." *In re Britton*, 950 F.2d 602, 605 (9th Cir.1991). "To prove malice, the creditor must make a further showing. The creditor need not prove that the debtor specifically intended to injure the creditor ... However, the creditor must show 'the debtor's actual knowledge or the reasonable foreseeability that his conduct will result in injury to the creditor.' " *Id.* In short, "when a wrongful act ... done intentionally, necessarily produces harm and is without just cause or excuse, it is 'willful and malicious' even absent proof of a specific intent to injure." *In re Cecchini*, 780 F.2d 1440 (9th Cir.1985).

█ There can be no doubt that Clark's actions on the sixth day of the Saguaro Ridge litigation were without just cause or excuse. His intentional actions in directing Kosac to walk out of the trial created the reasonable foreseeability that Kosac would suffer the large judgment that he did indeed suffer. The Court finds and concludes that the Clark injured Kosac and that Kosac's injury was reasonably foreseeable as a result of Clark's conduct. The Court further finds and concludes that the actions of Clark were willful and malicious and Kosac is entitled to nondischargeable judgment under 523(a)(6).

█ The Court need not reach the issue of whether the actions of Clark are non-dischargeable under 523(a)(4), because Kosac's claim is non-dischargeable under 523(a)(6). This is not to say that Kosac's claim is not non-dischargeable pursuant to 523(a)(4) also, because the Court believes that under the facts of this case, Clark's actions and conduct under the facts presented were tantamount to a breach of such a duty owed to his client Kosac.

## 2. LIABILITY OF CLARK'S "INNOCENT SPOUSE"

█ Kosac seeks a nondischargeable judgment against both Clark and his wife based on the theory that Clark was working for the benefit of his marital community at the time of the acts complained of. The Joint Pretrial Statement contains a paragraph which states that all actions taken by Clark were for the benefit of his marital community. Clark represented himself at trial before this Court and signed the Joint Pretrial Statement on behalf of himself and his wife. In light of the fact that it is undisputed that Mrs. Clark was not involved in her husband's representation of Kosac and never appeared at the state court trial or the trial held before this Court, the Court finds and concludes that Clark's attempted waiver of his wife's rights is ineffective. The Court must determine whether the wife's separate property or community property is liable for her husband's actions.

█ Community property is not liable for a debt unless it is shown to be a community debt. 11 U.S.C. 524; *In re Maready*, 122 B.R. 378, 381 (9th Cir. BAP 1991). Whether a creditor holds a claim against community property is determined by state law. *In re Maready*, 122 B.R. at 381 n. 2.

The applicable state law in this case is Arizona law. Arizona courts have long held the community liable for intentional or negligent torts of one spouse when a community purpose or benefit can be established. *In re LeSueur*, 53 B.R. 414, 416 (Bankr.D.Ariz. 1985); *Selby v. Savard*, 134 Ariz. 222, 229, 655 P.2d 342, 349 (1982). The absence of any evidence that the obligation was not of the community, binds the community. *Bainum v. Roundy*, 21 Ariz.App. 534, 536, 521 P.2d 633, 635 (1974).

█ Here, the Court held that Kosac is entitled to a nondischargeable judgment against Clark under 11 U.S.C. 523(a)(6). Mrs. Clark was not involved in the relationship between her husband and Kosac which gave rise to the nondischargeable judgment. Almost every act taken by a spouse can be said to have been done to benefit the marital

community directly or indirectly. The Court finds and concludes that Kosac did not establish that the actions of Clark were done to intentionally benefit his marital community.

 The Court will not impute the husband's willful and malicious injury of Kosac to the debtor-wife based solely on state community property law where the bad acts of the debtor-husband were allegedly committed for the benefit of the community. See *In re Bursh*, 14 B.R. 702 (Bankr.D.Ariz.1981). A nondischargeability judgment should only be entered against a marital community's community property where the evidence presented at trial proves that both the husband and wife were involved in the transactions or occurrences which lead to the nondischargeable judgment. See *La Trattoria, Inc. v. Lansford (In re Lansford)*, 822 F.2d 902 (9th Cir.1987). To hold otherwise would leave an innocent spouse unable to defend his or her community property in *any* suit against the other spouse.

Mrs. Clark was not present at trial and no evidence was presented demonstrating that Mrs. Clark took part in the serious acts which gave rise to the nondischargeable judgment. The Court finds and concludes that Mrs. Clark is an innocent spouse and the Debtors' community property is not liable for the nondischargeable judgment entered against Clark.

*3. DAMAGES*

At the state court trial, a judgment was entered against Kosac in the amount of $1,270,406.75. Kosac paid Clark approximately $45,000 during the course of Clark's representation of Kosac.

At trial, this Court heard testimony that had been prepared for Kosac's defense in the state court litigation. Dr. John Rosner testified that he had been prepared to testify in state court that the damages were approximately $440,000 and that a substantial amount of the damages were not attributable to Kosac due to a construction defect, but instead resulted from a post-construction water spill.

It is undisputed that Kosac was liable for an amount of damages related to the Saguaro Ridge litigation. If Clark had presented the defense prepared on behalf of Kosac, it is quite possible that the amount of damages awarded by the jury could have been substantially lower. Under the evidence presented to this Court at trial, the Court finds and concludes that Kosac is entitled to a nondischargeable judgment against Richard Clark in the amount of $635,203.00 plus return of his $45,000 retainer and fees paid.

Accordingly,

IT IS ORDERED granting Kosac a nondischargeable judgment in the amount of $680,203.00 pursuant to 11 U.S.C. 523(a)(6) against Debtor Richard E. Clark only;

IT IS FURTHER ORDERED that Kosac's nondischargeable judgment cannot be satisfied from the community property of the debtors under the facts of this case.

IT IS FURTHER ORDERED directing Plaintiff's counsel to lodge a separate written judgment consistent herewith, forthwith.