**In re Shelley Mac ROLLINSON and Randall Sean Rollinson, Debtors.**

**Arcadia Farms Limited, an Arizona Corporation, Plaintiff,**

**v.**

**Shelley Mac Rollinson and Randall Sean Rollinson, Defendants.**

**Bankruptcy No. 2–04–07517–RJH. Adversary No. 04–00961.**

United States Bankruptcy Court, D. Arizona.

April 15, 2005.

880

Scott B. Cohen, Esq., Sacks Tierney P.A., Scottsdale, AZ, for Arcadia Farms Limited.

Gregory S. Fisher, Esq., Jaburg & Wilk, P.C., Phoenix, AZ, for Shelley and Randall Rollinson.

OPINION AND ORDER

RANDOLPH J. HAINES, Bankruptcy Judge.

This issue here is whether a debt that is nondischargeable under 11 U.S.C. § 523 [1] as to one of the debtor spouses is also nondischargeable as to the post-petition community property interest of the other spouse. The Court concludes that the subject debt is nondischargeable as to (1) the separate property of the Debtor-spouse that committed the wrongdoing, (2) the community property brought into the bankruptcy estate under Code § 541(a)(2), and (3) the post-petition community property pursuant to Code § 524(a)(3). However, the debt is dischargeable as to the innocent Debtor-spouse's post-petition sole and separate property.

More generally, the Court concludes that once it has been determined that a debt is nondischargeable as to one spouse and that the debt is a community debt under state law, the "innocent spouse" defense applies only to the issue of whether the innocent spouse's sole and separate property may be held liable for that debt. In other words, once a community debt is determined to be nondischargeable as to one spouse, it is nondischargeable as to their community property and the innocence of the other spouse is no defense to that liability. This is exactly the same conclusion reached by this Court (but not this judge) almost 20 years ago in *Valley Nat'l Bank v. LeSueur (In re LeSueur)*, 53 B.R. 414 (Bankr.D.Ariz.1985). Intervening decisions on related but different issues do not impair its cogent analysis.

**Facts**

The underlying facts of this case are undisputed. Debtor-wife, Shelley Rollin-

---

1. Unless otherwise indicated, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

son, was employed by the Plaintiff, Arcadia Farms Limited. During the course of that employment, Shelley embezzled money from her employer by writing checks to herself from Plaintiff's checking account totaling over $50,000.00. Shelley was in a position of trust in handling the Plaintiff's financial affairs. She worked in the Plaintiff's office primarily as a bookkeeper in charge of accounts payable and accounts receivable, where she personally handled the funds that were paid to and from Plaintiff.

Shelley eventually admitted the fraud to the Plaintiffs by way of a letter addressed to one of the principals of the Plaintiff. She admitted that the stolen money was used to pay expenses for her family.

To repay the embezzled funds, both Shelley and her husband Randall Rollinson executed and delivered a promissory note to Plaintiff in the amount of $52,000.00. They also entered into a settlement agreement in which they agreed to make the payments specified in the promissory note in exchange for Arcadia Farms not seeking additional damages and, upon full payment of the note, receiving a complete release from Arcadia. The Rollinsons signed a stipulated judgment and agreed to allow a default judgment to be entered against them for any amounts that remained outstanding in the event that they breached the payment terms of the promissory note.

The Rollinsons paid approximately $4,000.00 on the note before their November 1, 2003 check was returned for insufficient funds. Arcadia Farms gave notice of the default, which was not cured, and the default judgment was entered in favor of Arcadia Farms against the Rollinsons.

The Rollinsons filed this joint Chapter 7 case, and Arcadia Farms filed this adversary proceeding seeking to have the debt declared nondischargeable. Arcadia Farms moved for partial summary judgment based on Code §§ 523(a)(4) and (a)(6), and the Debtors cross moved for summary judgment on behalf of the innocent spouse Randall and on behalf of the community.

### Analysis

First, neither party disputes that Shelley Rollinson embezzled the money or that the debt is nondischargeable as to Shelley's sole and separate property. The individual liability of Shelley based on the underlying embezzlement and fraud is not subject to the Chapter 7 discharge at least pursuant to Code § 523(a)(4). This means that the liability as to Shelley's sole and separate property continues post-discharge.

Second, the default judgment is now *res judicata* and the Debtors do not dispute that.

Third, Arcadia Farms does not seek an order holding Randall, or his sole and separate property, liable for the debt.

For analytical purposes, it is important to distinguish two discrete issues that have a bearing on the dischargeability of a debt as to an innocent spouse. First, the court must determine whether the debt is a community debt or is a sole and separate debt of the guilty spouse. This is purely a question of state law. And the innocence of a non-participating spouse has no direct bearing on this question, at least under Arizona law. As will be seen, the community nature of a debt is determined by the intent or purpose of the spouse who incurred the debt or by its benefit to the community, rather than by the innocent spouse's knowledge, intent or participation.

Once a debt has been determined to be a community debt pursuant to state law, the second issue is the scope of the discharge. This question is governed by bankruptcy law, and this is where the "innocent spouse" defense may apply. But, as will be seen, the defense applies only to the

innocent spouse's post-petition sole and separate property, not to the spouses' post-petition community property.

## Community Nature of Debt

▮ Here, there can be no dispute as to the first issue, the community nature of the debt. Although the underlying debt was incurred by Shelley Rollinson's embezzlement, both Shelley and Randall Rollinson executed the promissory note, settlement agreement, and stipulated judgment in an attempt to resolve the dispute and to repay the debt for the stolen funds. The note and consent judgment do not change the dischargeability character of the underlying claim giving rise to the debt.[2] But they constitute an acknowledgment that the debt is a community obligation. Both Debtors signed the note and both are subject to the default judgment. This makes it a community debt.

---

**2.** *Archer v. Warner,* 538 U.S. 314, 123 S.Ct. 1462, 155 L.Ed.2d 454 (2003) (A settlement or stipulated judgment reducing a previous claim for fraud into a monetary obligation without a specific finding of fraud can continue to be barred from discharge under 11 U.S.C. § 523).

**3.** A.R.S. § 25–214(C) provides:

Either spouse separately may acquire, manage, control or dispose of community property **or bind the community**, except that joinder of both spouses is required in any of the following cases:

1. Any transaction for the acquisition, disposition or encumbrance of an interest in real property other than an unpatented mining claim or a lease of less than one year.

2. Any transaction of guaranty, indemnity or suretyship.

3. To bind the community, irrespective of any person's intent with respect to that binder, after service of a petition for dissolution of marriage, legal separation or annulment if the petition results in a decree of dissolution of marriage, legal separation or annulment.

(Emphasis added).

▮ Moreover, even if the obligation had not been ratified by both spouses, one spouse can unilaterally obligate the community under Arizona law.[3] Whether a creditor holds a claim against the marital community is a question of state law.[4] It is also undisputed by Debtors, and in fact directly admitted by Shelley numerous times, that the embezzled funds were used to pay family expenses. The Court therefore finds that a direct community purpose or benefit has been established to create a community obligation to repay the embezzled monies.

Debtors argue that the conduct of Shelley should not be imputed to Randall and that the community should therefore not be bound to repay the obligation based on the holding of *Kosac v. Clark (In re Clark),* 179 B.R. 898 (Bankr.D.Ariz.1995). The court there found that Kosac had not established that the actions of Mr. Clark

---

A.R.S. § 25–215. Liability of community property and separate property for community and separate debts.

D. Except as prohibited in § 25–214, **either spouse may contract debts and otherwise act for the benefit of the community**. In an action on such a debt or obligations the spouses shall be sued jointly and the debt or obligation shall be satisfied first: from the community property, and second from the separate property of the spouse contracting the debt or obligation.

A.R.S. § 25–215(D) (emphasis added).

**4.** *FDIC v. Soderling (In re Soderling),* 998 F.2d 730, 733 (9th Cir.1993). "Arizona courts have long held the community liable for intentional or negligent torts of one spouse when a community purpose or benefit can be established." *LeSueur,* 53 B.R. at 416 (citations omitted); *see also, Taylor Freezer Sales of Arizona, Inc. v. Oliphant (In re Oliphant),* 221 B.R. 506, 509 (Bankr.D.Ariz.1998)(motion to dismiss brought by innocent spouse in a nondischargeability action for embezzlement by non-innocent spouse from her employer; non-innocent spouse was not a debtor in the bankruptcy proceedings; bankruptcy court denied motion to dismiss).

"were done to intentionally benefit his marital community." [5]

*Clark* has no application here. It is important to recognize that *Clark* was addressing only the first question, the community nature of the debt. Some of the language used in the opinion is unfortunately suggestive of the innocent spouse defense as to the scope of the discharge,[6] but all that the court determined in *Clark* was that the debt was not a community debt. Once that determination is made, there is no need for an innocent spouse analysis, because neither the community property nor the innocent spouse's sole and separate property is ever liable for the guilty spouse's sole and separate debt, whether it be dischargeable or not.

*Clark's* community debt analysis is not applicable here because here both spouses signed a promissory note and allowed a judgment to be taken against them jointly, conclusively establishing the community nature of the debt. And even if those acts had not occurred, it is undisputed that the embezzled funds were used to benefit the community.

### Effect of Non–Dischargeability Judgement on Community Assets Acquired Post–Petition

■ Once a nondischargeability determination has been made as to one spouse, and the Court has found that the debt is a community debt under state law, the second question then becomes the scope of the discharge or, more accurately, the scope of the nondischargeability order.

■ Normally, the discharge causes community property acquired post-petition to be free from pre-petition community claims. Code § 524(a)(3). But, if either the community debt is excepted from discharge under § 523, or if the other spouse was denied or would be denied a discharge, the discharge does not immunize such post-petition community property from the community debt. This happens automatically by operation of Code §§ 524(a)(3) and (b), without the necessity for any determination as to the knowledge or participation of the "innocent" spouse, so long as the debt is community debt.[7] In part, this is because the entry of a nondischargeability order does not transform a community debt into a separate obligation owing by only the wrongdoing spouse. *LeSueur*, 53 B.R. at 416. The Bankruptcy Code's clear policy is that the economic sins of either spouse shall be visited upon the community property when a discharge is denied as to a community debt. *Id.* There is no reason for a different treatment if a spouse's offense results in a

---

5. *Id.* at 902. Mr. Clark was an attorney representing Mr. Kosac in state court litigation. On the sixth day of trial, the presiding judge made a ruling that was adverse to Kosac just prior to the noon recess. After the lunch break, Clark informed the judge that he and Kosac would not continue to participate in the trial and they left the courtroom. As a result of leaving the trial and refusing to participate before the plaintiff's case had been fully presented, a judgment was entered against Kosac in the amount of $1,270,406.75. The state court judge refused to grant Clark's motion for judgment notwithstanding the verdict or a new trial.

6. For example, the opinion suggests that the determining factor is whether both spouses "were involved in the transactions or occurrences" that led to the nondischargeability judgment. *Id.* Such involvement is not essential to a debt being deemed a community debt, which requires only community purpose or benefit. *See* note 3, *supra.* Joint involvement in the transactions or occurrences is more relevant to the scope of the discharge issue, which was not addressed in *Clark*.

7. And, it does not matter whether the case is a joint case or filed by only one spouse, and if the latter, it does not matter whether it was the innocent or guilty spouse who filed.

total denial of discharge or the denial of discharge of particular debts.

Here, the debt is nondischargeable pursuant to § 523(a)(4). This Court has also found that the debt is a community debt. Accordingly, pursuant to § 524(a)(3), the marital community does not receive the benefit of the chapter 7 discharge, and any post-petition or after acquired community property shall remain liable for the debt owed to Arcadia Farms. The statute does not permit an innocent spouse defense as to such community liability.

### Innocent Spouse Doctrine and Imputation of Wrongful Conduct on Innocent Spouse

Debtors argue that the community property should not be held liable for any nondischargeable judgment entered against Shelley Rollinson because Randall Rollinson is an innocent spouse and he did not know of or participate in the embezzlement committed by his wife. Debtors primarily rely on *Tsurukawa v. Nikon Precision, Inc. (In re Tsurukawa)*, 258 B.R. 192 (9th Cir. BAP 2001), for this "innocent spouse" defense.[8] In *Tsurukawa*, the husband defrauded his employer by diverting his employer's business to himself. When the employer learned of it, it fired the husband and sued both husband and wife for fraud and deceit, ultimately obtaining a stipulated judgment for $2 million. The spouses filed separate bankruptcy cases. The debt was determined nondischargeable as to the husband in the husband's case, and that was not appealed. The debt was also determined to be nondischargeable in the wife's case, and she appealed. The sole issue before the Bankruptcy Appellate Panel ("BAP") was whether the husband's wrongful conduct could be imputed to the wife. The BAP found that the marital status alone is not enough to impute nondischargeability to the innocent spouse unless there is an agency relationship between them. *Id.* at 198.

As a matter of bankruptcy law, the innocent spouse analysis like that in *Tsurukawa* applies only to determine whether the innocent spouse gets her own discharge, and thus whether her sole and separate property will be free from the debt or liable for it. As noted above, if the parties are still married when the bankruptcy is filed, their post-petition community property will automatically be liable for any community debt that is determined nondischargeable as to either spouse. The state court judgment against both spouses in *Tsurukawa* presumably made it a community debt, although the opinion does not so state.

Nothing in *Tsurukawa* suggests that the innocence of the innocent spouse would mean that their post-petition community property is not liable for the community debt pursuant to § 524(a)(3). *Tsurukawa* never addresses either community property or § 524(a)(3). Consequently its result is limited to a determination that the innocent spouse does not remain *individually*

---

**8.** The Court notes that the Debtors also cite *Kosac v. Clark (In re Clark)*, 179 B.R. 898 (Bankr.D.Ariz.1995) for further support of the innocent spouse doctrine. However, as previously discussed by the Court, the *Clark* case is distinguishable from the facts of this case and is not applicable. The main holding in *Clark* is that the community property should not be liable because there was no evidence that the wrongdoing spouse intended for the wrongful conduct to benefit the community. That was a determination that, under state law, the debt was not a community debt. As previously stated, this Court finds *Clark* is distinguishable because in this case, the embezzlement was intended to benefit the community and actually did benefit the community because Debtor-wife used the stolen money to pay for family expenses. This Court has found that in the *Rollinson* case the marital community is liable for the debt owed to Arcadia Farms.

liable for the community debt that is non-dischargeable either as to the other spouse, or as to the community. This has real significance only if the innocent spouse has sole and separate property or, perhaps more commonly, if the parties get divorced so there is no post-petition community property and the creditor seeks to collect from the innocent spouse's post petition earnings. That is not an issue in this case, because Arcadia Farms has conceded that it is not seeking a nondischargeable judgment against Randall Rollinson individually so that his separate property would be liable for it.

Because *Tsurukawa* deals only with the innocent spouse's separate liability, it has no application to the issue here, which is nondischargeability as to the community.

### Motion for Partial Reconsideration and Objection to Lodged Form of Judgment

■ Debtors filed a motion for partial reconsideration and an objection to the form of judgment lodged by Arcadia Farms. Most of those arguments have already been dealt with. As a final gasp, Debtors argue that the Court should limit the nondischargeability to the wrongdoing spouse's 50% interest in community property.

Debtors offer no direct authority for such a limited remedy, but argue it is consistent with *LeSueur*. In fact, however, that precise argument was made and rejected in *LeSueur* and the court directed that the form of judgment be amended to clearly reflect that the debt attaches to the non-exempt community property acquired post-petition,[9] and the post-petition separate property of the wrongdoer spouse.

Based on the foregoing, the Court denies Debtors' motion for partial reconsideration, and overrules the objection to the lodged form of judgment.

### Conclusion

For the foregoing reasons, the Court finds that the settlement agreement and stipulated judgment are community debts and the pre-petition community is liable for this debt. The Court further finds that the debt is nondischargeable as to Shelley Rollinson pursuant to Code § 523(a)(4). The Court therefore concludes, as a matter of law, that the debt is also nondischargeable as to the non-exempt post-petition community property pursuant to § 524(a)(3). The Court also concludes that the sole and separate property of Randall Rollinson is not liable for the debt to Arcadia Farms.

After reviewing the lodged form of judgment, the Court has determined that it will not enter the lodged judgment, but will instead require Arcadia Farms to lodge an amended form of judgment specifically detailing that the debt is not discharged as to Shelley Rollinson's sole and separate property, and not discharged as to the after acquired community property of the Debtors, pursuant to Code § 523(a)(4), but it is discharged as to Randall Rollinson's post-petition sole and separate property, if any. That judgment, when signed and entered, will be the final appealable judgment.

IT IS SO ORDERED.

---

9. Obviously the claims brought by the creditor also apply to the non-exempt pre-petition community property because that property will be collected and distributed by the chapter 7 Trustee according to the priority scheme established by Bankruptcy Code 726(c), and that creditor may receive a distribution from the chapter 7 Trustee depending on the creditor's priority under the Code.